## Naugle's Estate.

*Appeals—Objections not made in court below.*

1. Objections not made in the court below will not be considered on an appeal from its judgment or decree.

*Contracts—Construction—Performance—Words.*

2. Actual performances of services in accordance with the provisions of a contract, is ample proof of acceptance of the terms of the contract.

3. Words not technical must receive their normal meaning, unless the context compels a contrary conclusion.

4. A claimant who renders services under a written agreement which provides he shall receive compensation at a specified rate "while I [the promisor] need care," is entitled to the payment only while care is needed and actually given.

Argued October 5, 1920. Appeals, Nos. 4 and 5, Oct. T., 1920, by John C. Naugle et al., legatees, from decree of O. C. Lawrence Co., Sept. T., 1918, No. 38, making distribution in estate of Isaphena P. Naugle, deceased. Before Brown, C. J., Stewart, Moschzisker, Frazer, Walling, Simpson and Kephart, JJ. Reversed.

Exceptions to report of A. Martin Graham, Esq.

The opinion of the Supreme Court states the facts.

The court dismissed the exceptions in an opinion by EMERY, P. J.

John C. Naugle and Marjorie Gillespie, legatees, appealed.

*Errors assigned* were dismissal of exceptions, quoting them.

*William E. Porter* and *Charles R. Davis,* for appellant. —This writing does not constitute a contract. It is merely an expression of a want, desire, or, possibly, a proposal that George look after her while she needed care. There is no evidence that he accepted the proposal and agreed to do the thing she wanted him to do: Richards v. Richards, 46 Pa. 78; Leskie v. Haseltine, 155 Pa. 98; Stafford v. St. John, 73 N. E. 596; Lawrence v. Leidigh, 50 Pac. 600; Miller's Est., 136 Pa. 239; Johnson v. Fessler, 7 Watt. 48; East Penna. R. R. v. Hiester, 40 Pa. 53; East Penna. R. R. v. Schollenberger, 54 Pa. 144; Orr's App., 67 Pa. 195.

*S. L. McCracken,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, December 31, 1920:

By the will of testatrix she gave her residuary estate in equal shares to her son George, the appellee, and her other two children, John and Marjorie, who are appellants here. Upon the audit of the account of her executors, appellee offered in evidence the following paper, which is all in the handwriting of testatrix:

"Rigby, Pa., Feb. 11th, 1908.

"I want my son George to look after me while i need care & i want him to be paid at rate of one dollar and a half a day out of my estate i want him to have full charge of my funeral arrangements & see that i am decently burried by the side of my husband in Newport cemetery.

"Isaphena P. Naugle,"

and claimed to be allowed thereon the sum of $1.50 a day from its date until January 11, 1916, when testatrix died. The evidence given in support thereof tended to show he and his family had lived with testatrix, who was not strong and constantly required care and attention, which they gave her until the day of her death, and with which she was satisfied. On the other hand appellants' evidence tended to show testatrix was in good health until the last few weeks of her life; that while she was well appellee did not give her care and attention, but she cared for herself; and that she was away from the home in which they lived two or three times a year, for some days or weeks at a time, during which periods he did nothing for her. The auditor found as facts, that appellee acted on the agreement and gave to testatrix such care as she needed, and reported in favor of allowing the claim in full. The court below dismissed exceptions to his findings, sustained his conclusions, entered a final decree in appellee's favor, and therefore appellants prosecute this appeal.

No objection is made on the ground that the paper is testamentary in character (though the will is later in date and expressly revokes all prior wills), nor because the evidence does not clearly show an actual delivery of the paper; and hence these matters will not be considered by us. Appellants' contentions are (1) the paper itself is not a contract but only an expression of desire that appellee shall get the $1.50 per day; (2) there is no evidence he accepted the proposition made in it, and, therefore, it has no binding force; and (3) under it the utmost he is entitled to receive is $1.50 a day for each day she needed and received care from him or some one for him.

We cannot sustain the first two of these contentions. The paper was either testamentary or contractual. If the former (which, as stated, is not claimed here), appellee could have had it probated, and the auditor and court below would then have decided the question of

amount at the same audit and in the same way they have now decided it. Possibly this explains why appellants did not make the objection; but, whatever the reason, their failure so to do compels us to hold, as between the parties hereto, that the statement of testatrix: "I want him to be paid," must be treated as an agreement to pay him whatever his future compliance therewith should entitle him to have. The second complaint fails for the reason that appellee's actual performance of services, in accordance with the provisions of the paper, is as good proof of acceptance as would be a formal verbal or written statement to that effect: Snyder v. McGill, 265 Pa. 122.

This brings us to the last objection to the decree, and we think it well founded. This is not the character of agreement usually presented, wherein a testatrix promises to give a claimant all or a part of her estate if he cares for her as long as she lives. In such a case acceptance, followed by performance or a readiness and willingness to perform, entitles the creditor to the amount agreed upon; and hence if she voluntarily and without cause leaves his house for all or part of the time, it does not affect his right to recover. In the present instance, if testatrix had meant the agreement should last during her life she could easily and naturally would have said so. As she did not say this, we conclude she did not so intend, and must limit appellee's claim to the time fixed by her, viz: "while I need care." The word "while," as shown by the dictionaries, normally means "during the time"; and so it is defined in Leach v. Anderson, 85 N. Y. 632, and Stafford v. St. John, 164 Ind. 277. The same conclusion is reached, without, however, actually defining the word, in Lawrence v. Leidigh, 58 Kan. 594; Wolcott v. Holcomb, 97 Mich. 361; and Ring v. Phœnix Assurance Co., 145 Mass. 426. There is nothing in the paper under consideration, or in the evidence, to justify giving to it any other than its normal meaning; and hence its true interpretation is: "while I need

care" you are to give it, and during the time you do so you are "to be paid at the rate of $1.50 a day out of my estate."

The vital question therefore is: During how many days did testatrix "need care" and actually receive it from appellee or his family? There is no finding upon this point, though the question was directly raised by appellants' exceptions. As already pointed out, there was evidence she generally did not need or receive care, and during her absence he did nothing for her. It is necessary, therefore, to reverse the decree and send the case back that further evidence upon this point may be taken, if desired, a distinct finding had, and a decree made in accordance therewith.

The decree of the court below is reversed and the record remitted with a procedendo; the costs of this appeal to be paid by the estate.