**MORGAN v. HINES, Adm'r of Veterans Affairs.**

**No. 8890.**

United States Court of Appeals District of Columbia.

Decided April 16, 1945.

Mr. Claude L. Dawson, of Washington, D. C., with whom Mr. Robert H. McNeill, of Washington, D. C., was on the brief, for appellant.

Mr. David A. Turner, Attorney, Department of Justice, of Washington, D. C., with whom Mr. Francis M. Shea, Assistant Attorney General, and Messrs. Wilbur C. Pickett, Acting Director, Bureau of War Risk Litigation, Edward M. Curran, United States Attorney, and Fendall Marbury, Attorney, Department of Justice, all of Washington, D. C., were on the brief, for appellee.

Before MILLER, EDGERTON, and ARNOLD, Associate Justices.

MILLER, Associate Justice.

Appellant sought in the District Court an order requiring appellee, as Administrator of Veterans Affairs, to perform what she called his ministerial duty to reinstate a policy of insurance. The Court granted appellee's motion to dismiss the complaint. We conclude that the complaint was properly dismissed. The Regulation,[1] upon which our decision turns, reads as follows: "The applicant for reinstatement of United States Government life insurance must furnish during his lifetime, and before becoming totally and permanently disabled, a written application signed by him which shall state that he is in as good health as at date of lapse, or that he is in good health, in accordance with the requirements of the particular case; and in addition the applicant shall furnish such evidence relative to his physical condition as may be required by the director on such forms as the director may prescribe: Provided, That if the insurance becomes a claim after tender of the amount of the premiums required but before full compliance with the requirements of this paragraph, and *the applicant was in the required state of health at the date that he made the tender of the amount of premiums,* and that *there is a satisfactory reason for his noncompliance,* the director *may, if the applicant be dead, waive any or all of the requirements of this paragraph,* or if the applicant be living, allow compliance with this paragraph, as of the date the required amount of premiums was received in

---

[1] Section 3080, Veterans' Administration Regulations.

22

the bureau." [Italics supplied] The proviso clearly contemplates the exercise of discretion by the Administrator. Appellant's contention seems to be that the proviso means not that the Administrator may, but that he *must* waive the requirements. This is not a reasonable interpretation of the Regulation. Moreover, the proviso does not operate to permit waiver—under the circumstances of this case—unless, (1) the applicant is dead *and* (2) a satisfactory reason is given for his noncompliance. The only reason for noncompliance which appears from the complaint is that he is dead. If no more than this were required there would have been no reason for using the words "and that there is a satisfactory reason for his noncompliance." The fact that he is dead, standing alone, far from constituting a satisfactory reason, may well indicate that he was not in the required state of health. If there had been a satisfactory reason for noncompliance, presumably it would have been made known to the Administrator and alleged in the complaint. The controlling rule is that the courts will not interfere to compel action by an executive officer unless his duty to act is clearly established and plainly defined, and the obligation to act is peremptory. No such showing was made in this case.

Affirmed.