**WINSOR v. DAUMIT.**

No. 9993.

United States Court of Appeals, Seventh Circuit.

Feb. 2, 1950.

---

James R. McKnight, Robert C. Comstock, Chicago, Ill., for appellant.

Casper W. Ooms, George E. Frost, Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and LINDLEY and SWAIM, Circuit Judges.

LINDLEY, Circuit Judge.

Plaintiff instituted action to recover damages for breach of contract. Defendants filed two counterclaims. A motion to dismiss the second counterclaim, which sought a declaratory judgment of invalidity and noninfringement of a copyright owned by plaintiff, was sustained and the counterclaim dismissed. From that order defendants perfected their appeal. The merits of the original claim and those of the first counterclaim remain undetermined in the District Court. Plaintiff insists that an appeal from the order entered does not lie.

Under the Judicial Code, 28 U.S.C.A. § 1291, we have jurisdiction of appeals "from all final decisions of the district courts," subject, however, to provisions permitting appeals from certain interlocutory orders mentioned in Section 1292 and in other acts of Congress relating to certain specific remedies. The present order does not fall within any of the interlocutory orders from which an appeal lies under Section 1292 or under any other act of Congress authorizing an appeal from such an order.

Federal Rule of Procedure 54(b), 28 U. S.C.A., revised December 27, 1946, effective March 19, 1948, provides that when more than one claim for relief is presented in an action, whether as claim or counterclaim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment, and continues "In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims." In the present instance the District Court made no determination that there was no just reason for delay or any direction for entry of the judgment, as provided in the rule. Thus the order from which the appeal is taken is, under the rule, not a final judgment.

The Advisory Committee on Amendments to the Federal Rules of Procedure, in 28 U.S.C.A. under Rule 54, after commenting upon the confusion then existing in the determination of whether an order was appealable, stated that, after extended consideration, it had concluded that a retention of the rule prohibiting piecemeal disposal of litigation and permitting appeals only from final judgments, except where otherwise provided, was desirable and that, though this rule may sometimes work hardship, it needed only the provision for discretionary power on the part of the District Court to afford relief in the "infrequent harsh case." Consequently the committee suggested, and the rule as finally adopted included, a provision that a dismissal of one claim or counterclaim shall not terminate the action as to any of the claims or become a final judgment unless the District Court shall first make the determination and the direction prescribed.

■ What the state of the law may have been prior to amendment of the rule is, in view of the revision, wholly immaterial. Hence, our decision in Jefferson Electric Co. v. Sola Electric Co., 7 Cir., 122 F.2d 124 is irrelevant to the question now pre-

sented. At the time of that decision the trial court was not required, as it is now, to make an express entry of judgment and an express determination that there is no just reason for delay in order that final judgment may be entered. The same is true of such decisions as Reeves v. Beardall, 316 U.S. 283, 62 S.Ct. 1085, 86 L.Ed. 1478, and others to the same effect preceding the revision. It follows, we think, without question, that the motion to dismiss must be allowed. Reinforcing this conclusion are: Lockwood v. Hercules Power Co., 8 Cir., 172 F.2d 775; Kuly v. White Motor Co., 6 Cir., 174 F.2d 742 and, decided prior to the revision, Libby-Owens-Ford Glass Co. v. Sylvania Industrial Corp., 2 Cir., 154 F. 2d 814, 817; Audi Vision Inc., v. R. C. A., 2 Cir., 136 F.2d 621, 623, 147 A.L.R. 574; Morgan v. Hines, 80 U.S.App.D.C. 79, 149 F.2d 21. Other instances of similar reasoning are Leonard v. Socony-Vacuum Oil Co., 7 Cir., 130 F.2d 535; Markham v. Kasper, 7 Cir., 152 F.2d 270.

In Dickinson v. Petroleum Conversion Corporation, 70 S.Ct. 322, 325, the Supreme Court held an order disposing of an intervening petition to be final and appealable. However, that order had been entered before promulgation of, and was not controlled by, present Rule 54(b), Federal Rules of Civil Procedure. Consequently, the court declined to determine the effect of the amended rule, saying "But this new rule—which became effective on March 19, 1948—was not in effect at the time of the 1947 decree in this case and it would not be appropriate to attempt to determine its effect on cases of this kind beyond observing that it may do much to prevent them from coming here. We will not, therefore, try to lay down rules to embrace any case but this." Clearly, the decision is not a precedent controlling the issue before us. It should be observed, however, that the court remarked that the new rule "may do much to prevent them (cases of this kind) from coming here," and manifestly such was the purpose of the Advisory Committee and of the Supreme Court in framing and adopting the new rule.

In Kaufman & Ruderman, Inc. v. Cohn & Rosenberger, 177 F.2d 849, the Court of Appeals for the Second Circuit has recently expressed doubt as to whether the pertinent portion of Rule 54(b) is within the power of the Supreme Court under the governing statute.

The rules were promulgated under the Act of June 19, 1934, c. 651, secs. 1 and 2, 48 Stat. 1064, U.S.C. Title 28, secs. 723b, 723c [now 28 U.S.C.A. § 2072], whereby Congress conferred upon the Supreme Court the power to prescribe, by general rules, for the district courts of the United States, the "forms of process, writs, pleadings, and motions, and the practice and procedure * * * in civil actions." The court reported to the Congress, through the Attorney General, that it had adopted the original rules and, later, the amendments thereto. "Congress, having taken no positive action in connection therewith, under the statute * * *, the rules became effective. * * * That Congress was familiar with the rules as transmitted to it, must at least, be assumed. * * * it must also be assumed that Congress, by its non-action, construed the rules as being within the power conferred." Sibbach v. Watson & Co., Inc., 7 Cir., 108 F.2d 415, 416; reversed on other grounds in Sibbach v. Wilson & Co., 312 U.S. 1, 61 S.Ct. 422, 427, 85 L.Ed. 479. In the latter case the Supreme Court said: "Evidently the Congress felt the rule was within the ambit of the statute as no effort was made to eliminate it."

The rules, therefore, have the force and effect of statutes, and if there is conflict between a procedure provided in an earlier act of Congress and that provided by the rules, the former must yield to the latter, for the act of Congress under which the rules were authorized expressly provided that, after they became effective, any laws in conflict therewith would no longer be of any force or effect. John R. Alley & Co. v. Federal Nat. Bank, 10 Cir., 124 F.2d 995. It would seem to follow that, though it adds certain conditions precedent to the appealability of certain orders of the district court in addition to those previously existing, the rule, possessing the effect of a statute, must, under the provi-

sions of the act authorizing it, take precedence over the former procedure.

We think, also, that the rule should not be considered as curtailing appellate jurisdiction but rather as one fixing the procedure of the district court as to conditions affecting terms upon which an appeal may be taken in advance of a determination of the entire case. The right to appeal is not negated, but whether an appeal from a piece-meal order must await final disposition is left to the district court's discretion. We conclude that the rule is within the ambit of the act authorizing adoption of the rules.

We might add that, even though we thought otherwise, we would not, in advance of the Supreme Court's so declaring, hold that that court had overreached its authority in adopting the rule.

It might be urged that we should, instead of dismissing the appeal, enter an interim order directing the district court to make a determination of the two conditions precedent to perfection of an appeal under rule 54(b). In view of the fact that the rule itself defines the power and function of the district court, orderly procedure requires that we dismiss the appeal, leaving to the discretion of the district court its further action in the premises.

The motion to dismiss is allowed and the appeal is dismissed at the cost of appellants.