## PACKARD MOTOR CAR CO. v. GEM MFG. CO.

### No. 10151.

United States Court of Appeals
Seventh Circuit.

Argued Oct. 6, 1950.

Decided Dec. 20, 1950.

Rehearing Denied Feb. 26, 1951.
Writ of Certiorari Granted May 14, 1951.
See 71 S.Ct. 803.

Charles B. Cannon, Daniel V. O'Keeffe, Chicago, Ill., Wallace & Cannon, Chicago, Ill., for appellant.

Harry W. Lindsey, Jr., George N. Hibben, Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and KERNER and FINNEGAN, Circuit Judges.

MAJOR, Chief Judge.

Plaintiff filed its complaint against defendant for infringement of Yaeger design patent D-151,310, and for unfair competition by reason of defendant's manufacture and sale of ornaments in imitation of plaintiff's patented commercial device. Plaintiff prayed for the usual relief. The patent sued upon shows an automobile hood ornament comprising a bird-shaped body portion, referred to as the "bird," and a hood piece or ridge mounting, referred to as the "base." Plaintiff concedes "that defendant manufactures and sells the bird and not the base, that the Yaeger patent covers only the combination of the bird and base and not the bird portion, *per se,* and that plaintiff charges defendant with only contributory infringement."

Defendant answered the complaint, denying infringement and unfair competition, and attacked the validity of the patent on numerous grounds. Concurrently with the filing of its answer, defendant filed a counter-. claim, in which it sought declaratory relief under the Federal Declaratory Judgment Act, Title 28 U.S.C.A. § 2201, as to the charge of infringement and unfair competition. The defendant in its counterclaim also sought relief against the plaintiff in the form of damages, and an injunction because of an alleged conspiracy and an attempt to monopolize an unpatented article of commerce in violation of the anti-trust laws of the United States, and particularly Title 15 U.S.C.A. §§ 1, 2, 3, 4, 15 and 26. Upon plaintiff's motion the court, by its order of February 6, 1950, dismissed those portions of defendant's counterclaim relating to the charge of anti-trust law violation. The instant appeal is by the defendant from this order of dismissal.

Thus, after the order of dismissal, there remained as issues in the case plaintiff's charge of infringement and unfair competition by the defendant, denied by the latter, as well as that portion of defendant's counterclaim which sought a declaratory judgment. It is at once apparent, even though the question has not been raised here, that the order of dismissal is not final and that this court is without jurisdiction to entertain the appeal. Title 28 U.S.C.A. § 1291 endows this court with jurisdiction of appeals "from all final decisions of the district courts", subject to certain exceptions not applicable to the instant situation, and Rule 54 (b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., entitled "Judgment Upon Multiple Claims", is directly applicable to the instant situation, as is shown by numerous cases. This court has recently, in Winsor v. Daumit, 179 F.2d 475, discussed in some detail the purpose, meaning and effect to be given this rule, and no good purpose could be served in reiteration other than what was said in disposing of the appeal, 179 F.2d at page 478, which may appropriately be restated: "It might be urged that we should, instead of dismissing the appeal, enter an interim order directing the district court to make a determination of the two conditions precedent to perfection of an appeal under rule 54 (b). In view of the fact that the rule itself defines the power and function of the district court, orderly procedure requires that we dismiss the appeal, leaving to the discretion of the district court its further action in the premises."

In addition to the cited case from our own court, there are numerous cases from other courts, a few of which we shall cite which sustain the view that the instant order is interlocutory and not appealable. Etten v. Kauffman, 3 Cir., 179 F.2d 302.; Flegenheimer v. Manitoba Sugar Co., Ltd., 2 Cir., 182 F.2d 742; Kam Koon Wan v. E. E. Black, Ltd., 9 Cir., 182 F.2d 146; Garbose v. George A. Giles Co., 1 Cir., 183 F.2d 513.

For want of jurisdiction the appeal is dismissed at defendant's cost.

### On Petition for Rehearing

Defendant contends that this court, in holding that we are without jurisdiction to entertain the appeal, has overlooked Title 28 U.S.C.A. § 1292, which provides for an appeal from "Interlocutory orders * * granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions * * *." Prior to the adoption of Rule 54(b) of the Federal Rules of Civil Procedure, 28 U.S. C.A. defendant's point would appear to be well taken. The troublesome question is whether this rule applies to .Sec. 1292, the same as it does to Sec. 1291. We think that it does. In the instant case, there were multiple claims. Those made by the plaintiff as well as part of those made by the defendant remained, after the judgment, undisposed of. Thereupon, the court, in the language of the rule, directed "the entry of a final judgment upon one or more but less than all of the claims," but it did so without "an express determination that there is no just reason for delay." The rule under such circumstances provides, "In the absence of such determination and direction, *any order or other form of decision, however designated,* [italics ours] which adjudicates less than all the claims shall not terminate the action as to any of the claims * * *."

This language is broad and appears to be all inclusive. And no reason is apparent why it is not equally applicable to both statutory provisions. Its purpose was to avoid piecemeal appeals so as to expedite rather than prolong litigation, and we think that neither the purpose nor the desirability of the rule can be made to depend upon whether one of a multiplicity of claims relates to an injunction order. To hold otherwise would place in the hands of litigants, especially those in patent litigation, the means of thwarting the purpose of the rule by the inclusion among numerous other claims one for such an order.

Defendant cites three cases in support of the construction which it would have us place upon Rule 54(b). Raylite Electric Corp. v. Noma Electric Corp., 2 Cir., 170 F.2d 914; Winsor v. Daumit, 7 Cir., 179 F.2d 475, and Cutting Room Appliances Corp. v. Empire Cutting Machine Co., Inc., decided by the Court of Appeals for the Second Circuit, 186 F.2d 997. In the Winsor case, a decision by this court, there is a statement from which it might be inferred that the rule was not applicable to Sec. 1292, but nothing more. Certainly the case does not so hold, and quite properly, for the reason that the question was not before us. There, the sole question was as to the application of the rule to Sec. 1291. In the Raylite case, there is a 4-line statement, 170 F.2d at page 915, which supports defendant's contention. And it is true that the decision in that case was rendered subsequent to the adoption of the rule, but the rule is not mentioned and, for aught that appears, it was not considered. In the recent Cutting Room Appliances decision, the statement is made that "The review of orders made appealable by statute regardless of finality is not touched by Rule 54 (b)". For the reasons heretofore stated, we do not agree with this construction of the rule.

We reiterate, therefore, the view previously expressed, that this court is without jurisdiction. Obviously, this is without prejudice to the right of the parties or the District Court to proceed as suggested in Winsor v. Daumit, 179 F.2d at page 478.

The petition for rehearing is denied.