Bruce A. MACKEY, Individually and Time Saver Tools, Inc., an Illinois corporation, Plaintiffs-Appellants,

v.

SEARS, ROEBUCK & CO., a New York corporation, Defendant-Appellee.

No. 11225.

United States Court of Appeals, Seventh Circuit.

Jan. 18, 1955.

Edward I. Rothschild, Chicago, Ill., for appellants.

Herbert E. Ruben, Chicago, Ill., for appellee.

Before DUFFY, Chief Judge, and MAJOR and SWAIM, Circuit Judges.

DUFFY, Chief Judge.

The complaint herein containing six counts was filed by two plaintiffs, Bruce A. Mackey, an individual, and Time Saver Tools, Inc., a corporation, which was wholly owned by Mackey. They will hereinafter be referred to as plaintiff. The complaint alleged that since 1949 Sears had directed a course of predatory conduct successively at three business ventures carried on by plaintiff: (1) by localized price-cutting, it destroyed his lamp business; (2) by use of threatened boycott, induced a breach of plaintiff's contract for commissions with "Vascoloy", and (3) is attempting to destroy his tool business by means of unfair competition.

Count 1 alleges a deliberate and announced plan by Sears to destroy plaintiff's business activities, and that such a plan is violative of the Sherman Act, 15 U.S.C.A. §§ 1–7, 15 note, and § 3 of the Robinson-Patman Act, 15 U.S.C.A. § 13a. In this count, plaintiff seeks treble damages and equitable relief under the Clayton Act, 15 U.S.C.A. § 12 et seq. Counts 2, 3 and 4 are common law counts. In count 2 plaintiff seeks damages for the intentional destruction of his lamp business. In count 3 plaintiff seeks damages for defendant's inducement of the breach of his commission contract with "Vascoloy". In count 4 plaintiff seeks damages for unfair competition. Count 5 was a claim by Time Saver under § 2(f) of the Robinson-Patman Act. However, this count was abandoned by plaintiff after the decision by the Supreme Court in Automatic Canteen Co. of America v. Federal Trade Commission, 346 U.S. 61, 73 S.Ct. 1017, 97 L.Ed. 1454. Count 6 alleges defendant's entire predatory program was actionable under common law.

Defendant moved to dismiss the entire complaint. Later, defendant filed an answer to count 3 together with an amended motion to dismiss the balance of the complaint. The District Court ordered counts 1 and 2 to be stricken without leave to amend, and found that there was no just reason for delaying the final determination of the issues raised by these counts, and directed that judgment be entered thereon against plaintiff. The Court also struck count 4 but granted plaintiff leave to amend, which was done, and this count is now at issue. The Court struck all of the allegations of count 6 except the portion which realleged the facts covered by count 3.

Plaintiff appeals from the order and judgment dismissing portions of the complaint without leave to amend. The appeal, in effect challenges the holding of the District Court that the facts alleged in counts 1 and 2 do not state, and could not be amended to state, a claim upon which relief can be granted.

Defendant moved to dismiss the appeal on the ground that the order and judgment appealed from is not a final or appealable order under the requirements of § 1291, Title 28 U.S.Code. This section provides: "The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States * * *." Certain exceptions to this rule provided in § 1292 are not here applicable.

Because of the importance of the questions raised by the motion to dismiss the appeal, we set the motion down for oral argument after briefs had been submitted. In deciding whether the District Court entered a final decision, we must interpret Rule 54(b), Federal Rules of Civil Procedure, 28 U.S.C.

Prior to September 1, 1938, the effective date of the Federal Rules of Civil Procedure, the order in this case would not have been appealable, because it did not dispose of all of Mackey's claims against Sears. Collins v. Miller, 252 U.S. 364, 40 S.Ct. 347, 64 L.Ed. 616. As originally adopted, Rule 54(b) authorized

the entry on one claim in a multiple claim suit, when the issues material to that claim and all counterclaims arising out of the same transaction or occurrence, had been determined. The validity of the rule in its original form was upheld in Reeves v. Beardall, 316 U.S. 283, 62 S.Ct. 1085, 86 L.Ed. 1478.

Amended Rule 54(b) provides: *"Judgment Upon Multiple Claims. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."*

A conflict has arisen among the various courts of appeals as to the effect to be given to this rule. We find the First and Third Circuits lined up on one side holding generally that where an order has been entered by a district court judge, where, as was done in the case at bar, he makes a "determination",[1] jurisdiction is automatically and conclusively conferred upon the courts of appeals to hear the appeal. However, the Second Circuit and the Court of Appeals of the District of Columbia have reached a contrary conclusion, holding, in effect, that the courts of appeals are required to make an independent determination as to whether the order in question was, in fact, a final order. This Circuit has not previously passed directly on the question, although there was discussion of

the effect of the amended rule in Winsor v. Daumit, 7 Cir., 179 F.2d 475.

The first case to discuss the proper interpretation to be given to Rule 54(b) as amended was Pabellon v. Grace Line, Inc., 2 Cir., 191 F.2d 169. The panel considering this case was Judges Chase, Clark and Frank, Judge Clark writing the opinion for the Court. It was held that an order dismissing a third party complaint was an appealable order where the district court had complied with the requirements of Rule 54(b). The Court agreed that the appeal taken in that case would have been proper even prior to the amendment of Rule 54(b), but Judge Clark stated that the district court, by making a determination that there was no just cause for delay and that he was entering a final order under Rule 54(b) relieved the Court of Appeals from the task of making an independent analysis to determine whether or not the order was, in fact, final and appealable. Judge Frank, in a concurring opinion, took issue with Judge Clark's interpretation of Rule 54(b) stating that such an interpretation would render the rule invalid as beyond the statutory power of the Supreme Court.

Eight days after the decision of the Second Circuit in the Pabellon case, another panel of that court consisting of Judges Swan, Augustus Hand and Learned Hand, in Flegenheimer v. General Mills, 2 Cir., 191 F.2d 237, held in accordance with the view previously expressed by Judge Frank in the Pabellon case. The Court held that no appealable order had been entered, and decided that it was the duty of the appellate court to determine its own jurisdiction and that such jurisdiction could not be controlled by the finding of a district court judge. Thereafter, in Lopinsky v. Hertz Drive-Ur-Self Systems, Inc., 2 Cir., 194 F.2d 422, Judge Clark vigorously defended the view that he had previously expressed in the Pabellon case.

---

1. The term "determination" includes "the express determination that there is no just reason for delay" and also the "express direction for the entry of judgment."

The same question came before the Court of Appeals of the Third Circuit in Bendix Aviation Corp. v. Glass, 195 F.2d 267. In that case a counterclaim was dismissed and the District Court made the requisite "determination" under Rule 54(b) that there was no just reason for delay and that final judgment be entered. The case was finally heard before the entire court sitting *en banc*, and it was held, with two judges dissenting, that the effect of Rule 54(b) was to render conclusive insofar as the jurisdiction of the court of appeals was concerned, the finding of the district judge that a final appealable order was being entered. Shortly thereafter the Court of Appeals for the First Circuit, in Boston Medical Supply Co. v. Lea & Febiger, 195 F.2d 853, in an opinion by Chief Judge Magruder, stated that the First Circuit was in full agreement with the opinion of the Third Circuit in Bendix Aviation Corp. v. Glass, supra. More recently the Court of Appeals for the District of Columbia in Gold Seal Co. v. Weeks, 93 U.S.App. D.C. 249, 209 F.2d 802, in an opinion by Chief Judge Stephens, followed the rule laid down by the Second Circuit in the Flegenheimer case.

Thus we find not only courts of appeals of two circuits opposing the view adopted by the courts of appeals of two other circuits, but we find panel opposed to panel in the Second Circuit and a vigorous dissent by two judges in the Third Circuit. Also, Professor Moore strongly espouses the views of Judge Clark insisting that such views properly reflect the intent of the draftsmen of the 1948 amendment to Rule 54(b). Moore's Federal Practice, (Second Edition, 1953), Vol. 6, pp. 228–230. It is of interest to note that Professor Moore was active in formulating and drafting the amended rule, Pabellon v. Grace Line, Inc., 2 Cir., 191 F.2d 169, 173, and, of course, Judge Clark was the reporter of the Advisory Committee which recommended the amended rule to the Supreme Court.

It would seem that the Supreme Court should promptly decide the important question here at issue in order to reconcile the divergent and conflicting views which have developed among and within the circuits. The question is constantly recurring. An early decision by the Supreme Court would be most helpful.

The Second and District of Columbia Circuits have adopted a negative approach in interpreting the rule. They say that if, in a multiple claim suit, a trial judge fails to enter a "determination", then, although otherwise the order would have been appealable under § 1291 it remains interlocutory and non-appealable; that thus interpreted the rule does not alter the jurisdiction of the appellate courts as fixed in §§ 1291 and 1292. They argue further that the jurisdiction of a court of appeals cannot rest on a district court's decision as to whether or not he will enter a "determination" described in Rule 54(b).

We think the interpretation announced by the First and Third Circuits is correct. We feel certain that such was the understanding of the Advisory Committee as so well stated by Judge Clark and Professor Moore. We find ourselves in agreement with the following statement in the opinion of the Bendix Aviation Corp. case, 195 F.2d 267, 269, 270: " * * * We read that rule, as embodied in amended Rule 54(b), to be that in a multiple claims case the judgment which finally adjudicates all the claims is the only judgment having finality unless the district court in the exercise of its discretion expressly determines that there is no just reason for delay with respect to the entry of a final judgment upon a particular claim in the action and accordingly expressly directs the entry of a final judgment adjudicating that claim. In such case the rule says that 'the court may direct the entry of a final judgment.' This is language of grant not of restriction and it requires that the judgment thus entered on a single claim is to be regarded as just as final, so far as further revision by the district court is concerned, as though the claim thus adjudicated were the sole claim for relief embodied in a wholly independent action. For when such a

judgment has been entered it may at once be enforced and executed, unless enforcement is stayed by the court under Rule 62(h)."

Section 1291 makes all final decisions appealable. The statute does not define the phrase "final decision". We have held that the new rules have the effect of statutes. Winsor v. Daumit, supra, 179 F.2d at page 477. In that opinion we pointed out " * * * and if there is a conflict between a procedure provided in an earlier act of Congress and that provided by the rules, the former must yield to the latter, for the act of Congress under which the rules were authorized expressly provided that, after they became effective, any laws in conflict therewith would no longer be of any force or effect."

We agree that in one sense the jurisdiction of a court of appeals is at least indirectly affected by an order or judgment with a "determination" under Rule 54(b). But, in a somewhat similar manner, our jurisdiction was often affected by Rule 73(a) whereby the time was shortened for taking an appeal, yet we had no difficulty in upholding and enforcing that rule. Ray v. Morris, 7 Cir., 170 F.2d 498.

In his concurring opinion in Lopinsky, 194 F.2d at page 428 Judge Clark refers to a number of the rules in the Federal Rules of Civil Procedure, while referring directly to district court practice, do have some consequential effect on when courts of appeal might consider the issues. As far as we are advised, the validity of these rules has not been questioned because of the effect on when a court of appeals may pass upon the issues. We have no difficulty in applying the positive approach in interpreting Rule 54(b).

In our judgment the negative operation of Rule 54(b) affects appellate jurisdiction just as much as the positive approach. In either case the district judge is timing his final decision on less than all of the claims in a multiple claim suit. Under either approach, the juris-

diction of the court of appeals is indirectly affected. We think that the rule-making authority of the Supreme Court existed as to all procedural matters and activities in the district court even though they might consequentially affect appellate jurisdiction.

Our decision herein, is in accord with our statement in Winsor v. Daumit, supra, 179 F.2d at page 478: "We think, also, that the rule should not be considered as curtailing appellate jurisdiction but rather as one fixing the procedure of the district court as to conditions affecting terms upon which an appeal may be taken in advance of a determination of the entire case."

In view of our decision it is not necessary to decide the point much discussed in the briefs as to whether the order and judgment entered herein would have been final and appealable prior to the 1948 Amendment of Rule 54(b).

The motion to dismiss the appeal is

Denied.