Lewis LEHRER and Eleanor B. Lehrer, His Wife, Appellants,

v.

McCLOSKEY HOMES, Inc. and McCloskey & Co. of Florida.

No. 12240.

United States Court of Appeals Third Circuit.

Submitted May 15, 1957.

Decided June 4, 1957.

Donald Bowman, Bernard J. Korman, Philadelphia, Pa. (Gold & Bowman, Philadelphia, Pa., on the brief), for appellants.

J. Dress Pannell, Harrisburg, Pa., Lawrence D. Biele, Philadelphia, Pa., for appellee.

Before BIGGS, Chief Judge, MARIS, Circuit Judge, and KRAFT, District Judge.

BIGGS, Chief Judge.

This is the second time this case has come before us. On the first occasion we dismissed the appeal at our No. 11,954 because the court below had not seen fit to make the determination and the order required by Rule 54(b), F.R.Civ. Proc., 28 U.S.C., and hence we had no final decision before us within the purview of 28 U.S.C. § 1291, 3 Cir., 242 F. 2d 190. The court below has now entered an order within the terms of Rule 54(b), the plaintiffs have taken an appeal from that order and the case is now ripe for decision.

Two corporations are named as defendants in the case at bar. The first is McCloskey Homes, Inc. (McCloskey of Delaware), a Delaware corporation: the second is McCloskey & Company of Florida (McCloskey of Florida), a Florida corporation. The first named corporation sold homes in Whitemarsh Village, Pennsylvania; the second built them. The plaintiffs, the Lehrers, man and wife, made a contract of sale with McCloskey of Florida, under which the latter agreed to construct a dwelling house on and to sell certain premises in Whitemarsh Village to the plaintiffs. The plaintiffs agreed to buy the premises and to make settlement when the house and grounds were completed. The complaint avers, and the contract of sale which accompanies the complaint states, that McCloskey of Florida agreed to complete the building and grounds in a satisfactory manner and in a way "substantially similar in grade and type as [that] exhibited" by a sample home on display in Whitemarsh Village.

On November 9, 1951, the day proposed for settlement, the house and grounds had not been completed. The complaint alleges that nonetheless the plaintiffs settled for the property, paying the balance to the "defendants," McCloskey of Delaware and McCloskey of Florida, and that they were induced to do so by both defendants asserting that the house and grounds, insofar as they had been completed, were like the sample house and grounds, and would be finished in a satisfactory manner; that on December 7, 1951 the plaintiffs took possession and moved into the house and that substantial defects then became apparent to the plaintiffs in the house's plumbing system, its heating system, the construction and finishing of the house's roof and walls, and in the landscaping; that these defects were called to the attention of the defendants, who refused to cure them; and that it became necessary for the plaintiffs to expend substantial sums of money, in excess of the jurisdictional amount, in effecting the necessary repairs. The plaintiffs sued both McCloskey of Florida and McCloskey of Delaware to recover the amount so expended.

McCloskey of Delaware moved to dismiss the complaint as not stating a cause of action against it and the court below granted this motion. D.C.E.D.Pa.1956, 139 F.Supp. 324. The appeal followed.

■ The suit at bar is based upon diversity and jurisdictional amount and the law of Pennsylvania governs insofar as McCloskey of Delaware is concerned. The contract between the plaintiffs and McCloskey of Delaware, if one is proved, was made in Pennsylvania and was to be performed there. The court below was of the view that the rights of the plaintiffs against McCloskey of Delaware were limited by the agreement of sale to which McCloskey of Delaware was not a party. We think that this is too narrow a view. The averments of the complaint must be taken as true and it employs the word "defendants" again and again, referring to both McCloskey of Delaware and McCloskey of Florida. On November 9, 1951, the date proposed for settlement, McCloskey of Florida already was under contract to complete the premises in a satisfactory manner and in accordance with the sample dwelling and its land. But McCloskey of Delaware was under no such obligation. If the averments of the complaint are true, McCloskey of Delaware made an offer of a unilateral contract to the plaintiffs. That offer was to the effect that if the plaintiffs would pay the balance of the purchase price on November 9, McCloskey of Delaware would obligate itself to complete the premises, house and grounds, in a satisfactory manner. The plaintiffs accepted the offer by paying the balance of the purchase price to the defendants. There was, therefore, legal consideration moving to McCloskey of Delaware from the plaintiffs, consisting of at least some part of the purchase price. There was also consideration to McCloskey of Delaware in that the plaintiffs made the settlement when they were not obligated to either corporation to do so since the house and grounds were not yet ready for occupancy. We entertain no doubt that under the circumstances alleged a valid oral contract came into being between the plaintiffs and McCloskey of Delaware. See Ross v. Liberman, 1930, 298 Pa. 574, 148 A. 858; Widmer v. Widmer, 1954, 176 Pa.Super. 264, 106 A.2d 875. This contract was breached by McCloskey of Delaware, if the allegations of the complaint are true.

■ Furthermore it is alleged in the complaint that the inducement was offered by McCloskey of Delaware to the plaintiffs that it would complete the premises, house and grounds, and make them like the sample in Whitemarsh Village if the plaintiffs would pay the balance of the purchase price on the day fixed for settlement. It is also asserted in the complaint that the plaintiffs paid the balance of the purchase price because of this inducement. These allegations, if proved, would effect a promissory estoppel under the law of Pennsylvania and would forbid McCloskey of Delaware

from raising an issue of lack of consideration. Fried v. Fisher, 1938, 328 Pa. 497, 196 A. 39, 115 A.L.R. 147.

■ The plaintiffs also allege fraud as a basis for relief and we conclude that the allegations of the complaint are sufficient to support such a claim. The complaint alleges that the defendants, both McCloskey of Delaware and McCloskey of Florida, knew of latent defects in the premises on the day that the balance of the purchase price was paid and fraudulently represented to the plaintiffs that the house and grounds were substantially similar to the sample in Whitemarsh Village in order to induce the plaintiffs to pay the balance of the purchase price. The complaint alleges that the plaintiffs paid the balance of the purchase price, and that they would not have done so if they had not been misled by the defendants' fraud to their detriment. These allegations are sufficient to sustain an action of fraud. See Neuman v. Corn Exchange Nat. B. & T. Co., 1947, 356 Pa. 442, 450, 51 A.2d 759, 763, 52 A.2d 177.

The judgment of the court below will be reversed.