**Joseph A. MAYO and Ruth S. Mayo**

v.

**McCLOSKEY & CO., McCloskey & Co. of Florida and McCloskey Homes, Inc.**

Civ. A. No. 24395.

United States District Court
E. D. Pennsylvania, at Philadelphia.

Sept. 3, 1958.

William R. Hudson, Richard W. Hopkins, White, Williams & Scott, Philadelphia, Pa., for plaintiffs.

J. Dress Pannell and Lawrence D. Biele, Philadelphia, Pa., for defendants.

LEAHY, District Judge.

Defendants challenge the complaint by (1) a motion to dismiss for failure to state a claim; (2) a motion to strike, and (3) a motion for a more definite statement. The complaint has two counts: (1) breach of contract to construct a house and (2) misrepresentation of the condition of the house at the time of settlement. The theories behind defendants' motions are that neither count states a cause of action and the counts are improperly joined; damages are not itemized; fraud and deceit are alleged generally and not with particularity; the identity of the corporate agents is

not alleged and their authority is not alleged with particularity.

1. Count 1 alleges a contract and a breach with resultant damages. Such allegations are traditional. Lehrer v. McCloskey Homes, Inc., 3 Cir., 245 F. 2d 11. Count 2 alleges defendants knowingly misrepresented facts to plaintiffs in an effort to induce them to act which plaintiffs did to their damage. These are adequate elements for an action in deceit. Lehrer v. McCloskey Homes, Inc., supra. The objection of improper joinder of the two counts is without merit in view of the express provisions of Rule 18 of the Federal Rules of Civil Procedure, 28 U.S.C. The motion to dismiss lacks merit.

2. Paragraphs 7 and 11 of the complaint contain the averments of a principal-agency relationship against defendant McCloskey & Co. and the other two defendants. Such allegations are material and pertinent. See, Restatement, Agency §§ 140–41. Paragraphs 21 and 22, as well as paragraphs 14, 15 and 16 and 17 which are said to be immaterial, are factual allegations of the misrepresentations pleaded in Count 2, together with the allegations of damages. Thus, the motion to strike will be denied.

3. The motion for a more definite statement will likewise be denied. Proper discovery techniques are available to require plaintiffs to itemize damages; e. g., repair bills, moving bills and lost employment income are not necessary to draft an answer to the complaint.

Paragraph 21 of the complaint by reference to paragraph 14 alleges the particulars wherein the misrepresentations alleged in paragraph 19 were false. Neither the identity of the specific corporate agents need be pleaded with particularity as such facts are within the knowledge of defendants. On the whole, the complaint is not vague. No more specific pleading is necessary to frame a responsive answer.

Orders may be submitted denying all of defendants' motions.