George J. GALLON, Appellant,

v.

The LLOYD–THOMAS COMPANY, a Corporation, Appellee.

No. 15944.

United States Court of Appeals Eighth Circuit.

Nov. 20, 1958.

Wayne L. Millsap, St. Louis, Mo. (Hocker, Goodwin & MacGreevy, St. Louis, Mo., were with him on the brief), for appellant.

G. Carroll Stribling, St. Louis, Mo. (Fordyce, Mayne, Hartman, Renard & Stribling, St. Louis, Mo., were with him on the brief), for appellee.

Before JOHNSEN, VAN OOSTERHOUT and MATTHES, Circuit Judges.

MATTHES, Circuit Judge.

This is a diversity case in which jurisdiction has been satisfactorily established.

Multiple claims for relief were presented in nine counts of plaintiff's amended petition. The defendant interposed a counterclaim.

In Count I of his amended petition, plaintiff alleged that on October 13, 1954, as the result of defendant's duress, threats and coercion, he was compelled to sign an agreement with respect to his employment. Plaintiff prayed for recision and cancellation of the contract, and for $25,000 actual damages. On this count the jury awarded plaintiff $100 as damages. Count III was based on plaintiff's contribution to a profit-sharing plan. Jury verdict for plaintiff was for $97.65. In Count V, plaintiff prayed for the amount of his last week's draw and obtained verdict for $175. In Count VIII plaintiff sought commissions due him from his St. Louis accounts and recovered verdict for $4800. Count IX sought punitive damages and the jury awarded plaintiff $20,000. Other counts of plaintiff's petition are not involved in this appeal. On defendant's counterclaim for $25,246.20, representing overdrafts by plaintiff over and above his actual commission earnings, the jury found for plaintiff and against the defendant.

The trial court sustained defendant's after-trial motion for judgment as to Counts I and IX of plaintiff's petition and entered judgment for defendant thereon. The court also sustained defendant's motion for new trial as to all five counts of the petition on which plaintiff had recovered jury verdicts.[1] The reason assigned by the court for this action was that the verdict was against the weight of the evidence. Defendant's motion for new trial as to the counterclaim was sustained on the same ground and for the additional reason that the instructions dealing with this phase of the case were erroneous in that they did not properly submit the issue of duress to the jury.

Plaintiff appealed from the order "granting judgment for defendant notwithstanding the verdict on Counts I and IX of the amended petition, and further appeals from the District Court's order granting a new trial on Counts III, V and VIII of the above-mentioned amended petition * * *."[2]

At the outset, we raise, *sua sponte*, the question of our jurisdiction to entertain this appeal. For impelling legal reasons, which we shall presently point out, we are driven to the conclusion that the case is not properly before us, and jurisdiction remains in the trial court.

The after-trial action by the court did not finally dispose of all of the issues so as to constitute a final decision within the meaning of Title 28 U.S.C.A. § 1291, which provides that courts of appeal shall have jurisdiction of appeals from all *final* decisions of the district courts. As we have seen, defendant's motion for judgment notwithstanding the verdict was sustained as to Counts I and IX, and judgment rendered accordingly. But as to the three remaining counts upon which plaintiff had prevailed, and defendant's counterclaim, the Court directed a new trial.

It is a firmly entrenched principle of federal jurisprudence that a motion for new trial is directed to the sound discretion of the trial court, Stofer v. Montgomery Ward & Co., 8 Cir., 249 F.2d 285, 288; Agnew v. Cox, 8 Cir., 254 F.2d 263, 267–268; Hobart v. O'Brien, 1 Cir., 243 F.2d 735, 744, certiorari denied 355 U.S. 830, 78 S.Ct. 42, 2 L.Ed.2d 42, rehearing denied 355 U.S. 879, 78 S.Ct. 139, 2 L.Ed.2d 110; Phoenix Indemnity Co. v. Girouard, 5 Cir., 252 F.2d 146, 148, and the granting or denial of a new trial is not an appealable order. In Buder v. Fiske, 8 Cir.,

1. The Court directed that as to Counts I and IX, the order sustaining the motion for new trial would take effect only in the event that the judgment entered in accordance with defendant's after trial motion therefor was reversed on appeal.

2. Plaintiff did not appeal from the order sustaining motion for new trial on defendant's counterclaim.

174 F.2d 260, at page 265, modified 177 F.2d 907, this Court, in so holding, stated: "Such determination may be challenged—on the ground of abuse of discretion—in an appeal from the *final judgment*. Marshall's U. S. Auto Supply, Inc. v. Cashman, 10 Cir., 111 F.2d 140, 141." (Emphasis supplied.) In Koppal v. Transcontinental & Western Air., 8 Cir., 199 F.2d 117, reversed on other grounds 345 U.S. 653, 73 S.Ct. 906, 97 L.Ed. 1325, the trial court's after-trial action was similar to the course pursued herein. Judgment n. o. v. was entered for defendant, and in the alternative a new trial was granted. On appeal, we were asked in effect to pass upon the order granting the new trial. In declining to rule, Judge Johnsen, speaking for the Court, stated, 199 F.2d at page 124: "We are asked by plaintiff to make expression upon the correctness of these views of the trial court. The granting of a new trial is of course not as such a reviewable order." See also Moore's Federal Practice, Second Edition, Vol. 5, § 50.14, and cf. Cudahy Packing Co. v. City of Omaha, 8 Cir., 24 F.2d 3, 7, certiorari denied 278 U.S. 601, 49 S.Ct. 9, 73 L.Ed. 530; Kansas City Stockyards Co. of Maine v. Anderson, 8 Cir., 199 F.2d 91, 95, 36 A.L.R.2d 1; Citizens National Bank of Lubbock v. Speer, 5 Cir., 220 F.2d 889; Kanatser v. Chrysler Corp., 10 Cir., 199 F.2d 610, 615, certiorari denied 344 U.S. 921, 73 S.Ct. 388, 97 L.Ed. 710.

Provision has been made whereby an appeal could have been properly prosecuted from the judgment on Counts I and IX. Rule 54(b), Federal Rules of Civil Procedure, 28 U.S.C.A., provides:

"When more than one claim for relief is presented in an action * * * the court may direct the entry of a final judgment upon one or more but less than all of the claims *only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.* In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims." (Emphasis supplied.)

However, the course authorized by the foregoing rule was not pursued, as the trial court did not make an "express determination that there is no just reason for delay" nor "an express direction for the entry of judgment." In this situation, and inasmuch as the order sustaining the motion for new trial is not as such appealable, it necessarily follows that the entire case rests in the trial court. Being without jurisdiction, the appeal must be dismissed. See Barron and Holtzoff, Federal Practice and Procedure, Vol. 3, § 1193; Moore's Federal Practice, Second Edition, Vol. 6, § 54.34; Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed 1297; Lockwood v. Hercules Powder Co., 8 Cir., 172 F.2d 775; Winsor v. Daumit, 7 Cir., 179 F.2d 475; Brandt v. Renfield Importers, 8 Cir., 216 F.2d 206; Reed v. National Old Line Insurance Co., 5 Cir., 239 F.2d 594; Lehrer v. McCloskey Homes, Inc., 3 Cir., 242 F.2d 190; Id., 3 Cir., 245 F.2d 11.

When the case is ripe for appeal, this court will entertain the second appeal on the record and briefs prepared for the first appeal, insofar as applicable. See Barron and Holtzoff, Federal Practice and Procedure, Vol. 3, § 1193, page 26; Moore's Federal Practice, Second Edition, Vol. 6, § 54.41. Also see and compare Lehrer v. McCloskey Homes, Inc., 3 Cir., 242 F.2d 190; Id., 3 Cir., 245 F.2d 11; Republic of China v. American Express Co., 2 Cir., 190 F.2d 334; Id., 2 Cir., 195 F.2d 230; Tobin Packing Co. v. North American Car Corp., 2 Cir., 188 F.2d 158; Winsor v. Daumit, 7 Cir., 179 F.2d 475.

Appeal dismissed.