FRANK CHEVROLET COMPANY, Plaintiff-Appellant,

v.

GENERAL MOTORS CORPORATION, Defendant-Appellee.

No. 19348.

United States Court of Appeals Sixth Circuit.

Dec. 12, 1969.

Donald L. Goldman, Cleveland, Ohio, for plaintiff-appellant; Martin A. Rini, Emanuel H. Hecht, Cleveland, Ohio, on the brief.

Victor DeMarco, Cleveland, Ohio, for defendant-appellee; George H. Rudolph, Jones, Day, Cockley & Reavis, Cleveland, Ohio, on the brief; Ross L. Malone, Gen.

Counsel, Edmond J. Dilworth, Jr., Detroit, Mich., General Motors Corp., of counsel.

Before PHILLIPS, Chief Judge, and BROOKS* and MACHROWICZ,** District Judges.

PHILLIPS, Chief Judge.

This is an action by a franchised Chevrolet dealer under the Dealers' Day in Court Act, 15 U.S.C. § 1222,[1] against the manufacturer, General Motors Corporation.

Extensive pretrial depositions and interrogatories were prepared and comprehensive affidavits were filed. In an opinion reported at 304 F.Supp. 307, District Judge William K. Thomas granted the motion of General Motors for summary judgment. We affirm.

The dealer's place of business is located in Chardon, the County Seat of Geauga County, Ohio. The first selling agreement was between the Chevrolet Division of General Motors and Frank Chevrolet Company, a co-partnership. The expiration date of this agreement was August 20, 1963. This contract was replaced with a second selling agreement, effective November 1, 1960, which was executed by the partnership. It extended the term of the franchise to October 31, 1965.

Effective July 12, 1963, a new agreement was executed with Frank Finesilver, as individual owner of Frank Chevrolet Company, a sole proprietorship. Its expiration date also was Oc-

tober 31, 1965. This latter agreement was superseded by a new agreement, effective March 31, 1965, executed by Frank Chevrolet Dealer, a corporation.

By letter of July 11, 1965, General Motors notified Frank that:

"because of the sustained and apparently hopelessly deficient sales performance of Frank Chevrolet Company * * * Chevrolet Motor Division will not offer your company a new Selling Agreement following the expiration of your current Selling Agreement on October 31, 1965, due to your failure to comply with Section 9 thereof."

Section 9 of the selling agreement provides as follows:

"9. Sale of Motor Vehicles

"Dealer shall provide satisfactory sales performance and render satisfactory service to owners in the area described in Paragraph FIRST. Evaluation of Dealer's sales performance shall be based on the relationship of Dealer's sales of new Chevrolet motor vehicles in such area to the sales of other makes of motor vehicles directly competitive therewith both in price and in product in such area, as compared to a similar relationship of the sales of new Chevrolet motor vehicles to other makes of motor vehicles directly competitive therewith specifically in the Chevrolet Zone area wherein Dealer is located, but not necessarily to the exclusion of the Chevrolet Regional area or the National area. Such evaluation

---

* Honorable Henry L. Brooks, Chief Judge, United States District Court for the Western District of Kentucky, sitting by designation.

** Honorable Thaddeus M. Machrowicz, Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

1. § 1222. Authorization of suits against manufacturers; amount of recovery; defenses
   An automobile dealer may bring suit against any automobile manufacturer engaged in commerce, in any district court of the United States in the district in

which said manufacturer resides, or is found or has an agent, without respect to the amount in controversy, and shall recover the damages by him sustained and the cost of suit by reason of the failure of said automobile manufacturer from and after August 8, 1956 to act in good faith in performing or complying with any of the terms or provisions of the franchise, or in terminating, canceling, or not renewing the franchise with said dealer: *Provided*, That in any such suit the manufacturer shall not be barred from asserting in defense of any such action the failure of the dealer to act in good faith. Aug. 8, 1956, c. 1038, § 2, 70 Stat. 1125.

shall be based on records generally accepted for such purposes by the automobile industry and shall also take into account other pertinent factors, such as the trend of Dealer's sales performance over a reasonable period of time, the availability and the delivery of Chevrolet motor vehicles to Dealer, and local conditions directly affecting such sales performance.

"Where one or more other Chevrolet dealers are located within the area described in Paragraph FIRST, the evaluation of the combined sales performance of all Chevrolet dealers in such area shall be made as provided above, and Dealer's sales performance shall be measured by Dealer's contribution to the combined sales performance of all Chevrolet dealers in such area. In evaluating Dealer's contribution to such combined sales performance, consideration shall be given to such factors as Dealer's sales performance over a reasonable period of time, the availability and delivery of Chevrolet motor vehicles to Dealer, the geographic location of Dealer's place of business and the general shopping habits of the buying public within such area, Dealer's sales participation experience within such area, and Dealer's standard of sales participation within such area previously determined and accepted by Dealer and Chevrolet."

The refusal of the Chevrolet Division of General Motors to renew the agreement on the ground that the dealer's sales performance was substandard gave rise to the present litigation. The dealer contends that the refusal to renew was not an act of good faith within the meaning of the statute.[2]

For the reasons and upon the authorities set forth in the comprehensive published opinion of the District Judge, which do not need to be repeated here, we agree that the sales performances of the dealer in this case consistently fell below acceptable standards in violation of the agreement between the parties and that the refusal to renew the contract did not constitute an act of bad faith under the statute. The record shows no genuine issue of material fact. We hold that the District Court did not err in granting summary judgment. Rule 56, Fed.R.Civ.P.

The District Judge further held, as narrated in detail in his opinion, that the dealer committed acts of misrepresentation and concealment which recurred during the life of the expiring franchise agreement and materially breached the agreement, and that the breaches were unknown to General Motors at that time.

All contentions made by appellant have been considered and found to be without merit. We find no reversible error in the record.

Affirmed.

2. The Act defines the term "good faith" as follows:
15 U.S.C.
  "§ 1221.  Definitions
  "As used in this chapter—
  \*      \*      \*      \*      \*
  "(e) The term "good faith" shall mean the duty of each party to any franchise, and all officers, employees, or agents thereof to act in a fair and equitable manner toward each other so as to guarantee the one party freedom from coercion, intimidation, or threats of coercion or intimidation from the other party: *Provided*, That recommendation, endorsement, exposition, persuasion, urging or argument shall not be deemed to constitute a lack of good faith. Aug. 8, 1956, c. 1038, § 1, 70 Stat. 1125."