Maria **LAPICZAK** et al., Plaintiffs-
Appellees,

v.

Veronica Jean Glass **ZAIST**, Defendant-
Appellant.

No. 155, Docket 71–1634.

United States Court of Appeals,
Second Circuit.

Argued Oct. 20, 1971.

Decided Nov. 10, 1971.

Frederick Pope, Jr., Brattleboro, Vt.
(John S. Burgess, Brattleboro, Vt., on
the brief), for plaintiffs-appellees.

R. Joseph O'Rourke, Rutland, Vt.
(Ryan, Smith & Carbine, Rutland, Vt.,
on the brief), for defendant-appellant.

Before MEDINA, MANSFIELD and
MULLIGAN, Circuit Judges.

MEDINA, Circuit Judge:

The issue on this appeal is the extent
of the power and jurisdiction of a District Judge to set aside a verdict and order a new trial, on his own initiative,
more than ten days after entry of judgment under Rule 59(d) of the Federal
Rules of Civil Procedure. For the reasons that follow, we hold that a District
Judge does not have that power.

This appeal is before us under 28 U.
S.C. § 1292(b), which authorizes a District Judge to allow an immediate appeal
of an otherwise unappealable order when
he finds that such order involves a controlling question of law as to which
there is substantial ground for difference of opinion, and that an immediate
appeal from such order may materially
advance the ultimate termination of the
litigation. The opinion below is not reported.

The plaintiff, Maria Lapiczak, was seriously injured when an automobile driven by defendant Veronica Jean Glass
Zaist went off the road and struck a
bridge abutment. Plaintiff was a passenger in the automobile. After a five
day trial, at which defendant produced
evidence which indicated that mechanical failure could have caused the accident, a jury returned a verdict for defendant. Judgment was entered on this
verdict on December 4, 1970. Ten days
later, on December 14, 1970, the Court
issued an order to show cause why the
verdict should not be set aside and a
new trial ordered. On December 19,
1970, plaintiffs moved to set aside the
verdict and for a new trial. After a
hearing the Court issued an order, dated
March 10, 1971, denying plaintiffs' mo-

tion for lack of timeliness, but setting aside the verdict on its own initiative and ordering a new trial.

Rule 59(d) of the Federal Rules of Civil Procedure provides:

> On Initiative of Court. Not later than 10 days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party. After giving the parties notice and an opportunity to be heard on the matter, the court may grant a motion for a new trial, timely served, for a reason not stated in the motion. In either case, the court shall specify in the order the grounds therefor.

This appeal concerns the first sentence of the Rule, which allows a judge to set aside a verdict, *sua sponte*, only within 10 days of entry of judgment.

Where this point has arisen the courts have uniformly held the first sentence of Rule 59(d) to be clear and unambiguous in its requirement that the trial judge, if acting on his own initiative, must actually set the verdict aside within 10 days after the entry of judgment. Tsai v. Rosenthal, 297 F.2d 614, 617 (8th Cir. 1961); Demeretz v. Daniels Motor Freight, Inc., 307 F.2d 469 (3d Cir. 1962); Chicago and North Western Railway Co. v. Britten, 301 F.2d 400 (8th Cir. 1962); National Farmers Union Auto. & Cas. Co. v. Wood, 207 F.2d 659 (10th Cir. 1953); Freid v. McGrath, 76 U.S.App.D.C. 388, 133 F.2d 350 (1942). We agree with this view.

 The trial judge, however, found the first sentence ambiguous because of the amendment in 1966 by which the second sentence of Rule 59(d) was added, giving the trial judge power to set aside a verdict, on motion of a party, on grounds not asserted in the motion, provided the parties are given notice and an opportunity to be heard. On the basis of this supposed ambiguity the trial judge took a broad view of the matter and held that in substance the signing of the order to show cause within the 10 day period was a sufficient compliance with Rule 59(d). Even assuming *arguendo* that a timely order for a new trial was justified, we fail to see how the addition of the second sentence affects the strict 10 day requirement of the first sentence. If the drafters had intended to change the first sentence, they would have done so in 1966, when they added the second. They did not do it then and we cannot do it now.

Moreover, Rule 6(b) precludes the enlargement of the time provided for taking action under Rules 50(b), 52(b), 59(b), (d) and (e) and 60(b). Rule 6(b) has been consistently held to be mandatory and jurisdictional, and it cannot be circumvented regardless of excuse. United States v. Robinson, 361 U.S. 220, 229, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960).

For the foregoing reasons, we reverse the order of the District Court setting aside the verdict and ordering a new trial, and order that judgment be entered for defendant.