Dale C. **RICHARDSON**, Appellant,

v.

**COMMUNICATIONS WORKERS OF AMERICA et al., Appellees.**

Dale C. **RICHARDSON**, Appellee,

v.

**COMMUNICATIONS WORKERS OF AMERICA et al., Appellants.**

Nos. 72-1207, 72-1220.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 14, 1972.

Decided Nov. 16, 1972.

Rehearing and Rehearing En Banc Denied Dec. 8, 1972.

334

Robert E. O'Connor and J. Patrick Green, Omaha, Neb., for Communications Workers of America and others.

Dan J. Whiteside, Huntington Beach, Cal., Edward F. Fogarty, Omaha, Neb., and Rex H. Reed, Washington, D. C., for Dale C. Richardson.

Before GIBSON and LAY, Circuit Judges, and DURFEE,* United States Court of Claims Judge.

PER CURIAM.

Plaintiff Dale C. Richardson filed an action for multiple claims against the Communications Workers of America, AFL–CIO, arising from his alleged wrongful discharge from employment with the Western Electric Company, Inc. In his first claim he sought damages against both the Union and his employer under § 301(a) of the Labor Management Relations Act, 1947. 29 U.S.C.A. § 185(a). In his second claim he sought damages for mental anguish arising from alleged invidious discrimination directed against him for failing to join the Union. These claims were tried together, and on remand from this court[1] plaintiff recovered substantial damages on both claims. The trial court entered judgment on the verdict on the first claim but granted a new trial as to the award of damages on the claim arising out of the alleged invidious discrimination by the Union. The Union alone appealed the damages for wrongful discharge whereas the plaintiff has attempted to appeal the awarding of the new trial on the second claim.

■ ■ After full consideration the court finds that it lacks jurisdiction to review the matters before it. It has long been settled that the granting of a new trial is not an appealable order. 6A Moore, Federal Practice & Procedure § 59.9[4], at 3853–3854 (1971). The granting of the new trial may be challenged on the abuse of discretion in an appeal only from the final judgment. See Gallon v. Lloyd-Thomas Co., 261 F.2d 26, 27–28 (8 Cir. 1958).

Upon entry of judgment in the first claim the trial court did not certify the order as appealable under Rule 54(b) of the Federal Rules of Civil Procedure. This rule reads as follows:

"When more than one claim for relief is presented in an action . . . the court may direct the entry of a final judgment as to one or more but fewer than all of the claims *only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.* In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims . . . shall not terminate the action as to any of the claims . . ., and the order or other form of decision is subject to

---

* Sitting by designation.

1.  See our prior holding in the same case. Richardson v. Communications Workers of America, 443 F.2d 974 (8 Cir. 1971).

revision at any time before the entry of judgment adjudicating all the claims." (Emphasis ours.)

Inasmuch as the order granting the motion for new trial is not appealable it necessarily follows that all claims still rest in the trial court. Being without jurisdiction the appeal must be dismissed. See Gallon v. Lloyd-Thomas Co., supra.[2]

The appeals are dismissed.

---

2. As we stated in the *Gallon* case:
   "When the case is ripe for appeal, this court will entertain the second appeal on the record and briefs prepared for the first appeal, insofar as applicable." 261 F.2d 26, at 28.