**GENERAL MOTORS CORPORATION,
Petitioner,**

**v.**

**The Honorable Miles W. LORD, United
States District Judge, Respondent,**

**and**

**Phillips Motors Excelsior, et al.,
Respondents.**

**PHILLIPS MOTORS EXCELSIOR,
INC., et al., Appellees,**

**v.**

**GENERAL MOTORS CORPORATION,
Appellant.**

**Nos. 72-1479 and 72-1502.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 12, 1973.

Decided Dec. 3, 1973.

Rehearing Denied Jan. 3, 1974.

Franklin D. Gray, Minneapolis, Minn., for General Motors.

Joe A. Walters, Minneapolis, Minn., for Phillips Motors.

Before MEHAFFY, Chief Judge, and BRIGHT and ROSS, Circuit Judges.

ROSS, Circuit Judge.

This action, consolidated by the Court, involves the district court's decision to grant a new trial after a seven week trial in which a jury returned a verdict in favor of the defendant, General Motors (hereinafter GM). GM, alternatively, seeks mandamus directing the district court to vacate its order and reinstate the jury verdict and enter judgment, or, a review of the district court's decision by way of appeal, reversal of the decision, and instructions to enter judgment on the jury verdict.

Phillips. Motors Excelsior, Inc. (hereinafter Phillips Motors), together with Phillips and Van Dyke, commenced suit against GM on December 29, 1969, seeking damages and injunctive relief under the provisions of 15 U.S.C. §§ 1221–1225 and Minnesota Statutes § 168.27(14)(3). The basis of the suit was that on December 5, 1969, GM terminated the Chevrolet and Oldsmobile franchises in effect between Phillips Motors and GM. Phillips Motors was the holder of the franchises, Phillips was the sole stockholder of Phillips Motors, and Van Dyke was the holder of an agreement to purchase Phillips' stock. The reason GM gave for the termination was that Phillips had violated the Dealer Selling Agreement with GM by entering into an agreement for the sale by Phillips to Van Dyke of all of the stock of Phillips Motors.

At trial, which commenced on April 17, 1972, evidence was presented, over

objection, which indicated that financial statements which Phillips Motors had submitted, on a monthly basis, to GM were falsified as to earnings and capital. Further, the statements varied substantially from the Phillips Motors' books and tax returns. It was also learned that Phillips Motors had operated in an "out of trust" condition with reference to the bank which financed Phillips Motors' new and used car purchases. Phillips objected to this evidence arguing that since GM had not assigned these alleged breaches of the Dealership Agreement as cause for termination of the franchises, the evidence was irrelevant and prejudicial.

On June 5, 1972, the jury returned a verdict for GM finding that GM had not refused to renew the franchise without just cause and finding the failure to renew was not done in bad faith. Judgment was entered that day. On June 13, 1972, Phillips Motors, and the others, moved for new trial alleging essentially that the trial court committed prejudicial error in allowing testimony relative to the misrepresentations of the financial condition of the company, the out of trust condition of the company, and the irregularities in the financial records of the company. The motion also asserted that the verdict was contrary to the law and evidence.

On June 21, 1972, counsel were heard on the motions and Phillips Motors filed a brief. Thereafter GM filed a brief contending that the evidence was properly received because it bore upon the issue of liability; because such evidence impeached the plaintiffs' testimony; and because the evidence was relevant to damages. Forty-two days after the entry of judgment in favor of GM, on July 17, 1972, the trial court entered the following order: "In the interest of justice a new trial on all issues is hereby ordered."

Due to the abbreviated nature of the trial court's statement of reasons for granting new trial, it was impossible to determine whether the court granted Phillips Motors' motion for the reasons stated in the motion, or, whether the court, acting on its own, granted a new trial for a reason other than that stated in the motion. GM, because of this ambiguity, advanced alternative arguments. First, if the trial court granted Phillips Motors' motion for the reasons stated in the motion, such action was, on the merits of the motion, an *abuse of discretion.* Therefore, the court's act was reviewable by way of appeal or mandamus. Second, if the trial court acted on its own, rather than granting Phillips Motors' motion, then such an act was *without jurisdiction* as the act was not timely, without notice to the parties, and without an opportunity to be heard; thus reviewable by appeal or mandamus.

Rather than speculate, this Court remanded the case to the trial court on May 8, 1973, with directions to specify its reasons for granting a new trial. The trial judge responded on October 18, 1973, and its response clearly indicates that the court acted on Phillips Motors' motion and for the reasons stated in the motion. Therefore, GM's second argument, with regard to lack of ·jurisdiction, is not applicable. Two questions remain then: Whether the trial court's action is reviewable, at this time, by way of appeal or mandamus, and, if the action is reviewable at this time, whether the trial court abused its discretion.

Finding that the trial court's action is not appealable and finding that the issuance of mandamus is not appropriate to review the trial court's actions, we dismiss the appeal and deny the petition for writ of mandamus. We express no opinion as to the propriety of granting the new trial.

a. Review by way of appeal.

■■ This Court has long held that, generally,[1] an order granting a new trial is not final and, therefore, the or-

---

1. Where the district court lacked jurisdiction to order a new trial, we have held that the issue may be raised immediately by way of appeal. *See, e. g.,* Chicago & Northwestern R. R. v. Britten, 301 F.2d 400, 401–403 (8th Cir. 1962). But as we have indicated, no jurisdictional question is presented here.

der is not appealable. Richardson v. Communications Workers of America, 469 F.2d 333, 334 (8th Cir. 1972), cert. denied, 414 U.S. 818, 94 S.Ct. 38, 38 L. Ed.2d 50 (1973); Gallon v. Lloyd-Thomas Co., 261 F.2d 26, 27–28 (8th Cir. 1958). The decision to grant a new trial is reviewable in an appeal from the final judgment. Richardson v. Communications Workers of America, *supra,* 469 F.2d at 334; Gallon v. Lloyd-Thomas Co., *supra,* 261 F.2d at 28. *See also* Altrichter v. Shell Oil Co., 263 F.2d 377, 379 (8th Cir. 1959).

b. Review by way of mandamus.

■ GM requests the issuance of mandamus pursuant to 28 U.S.C. § 1651 and F.R.A.P. 21 to review the district court's action in granting Phillips Motors' motion for new trial. But, as we have said before, mandamus is only appropriate in extraordinary circumstances. *See, e. g.,* Gialde v. Time Inc., 480 F.2d 1295, 1302 (8th Cir. 1973).

Extraordinary circumstances may be presented where the district court's order was made without jurisdiction. Roche v. Evaporated Milk Ass'n, 319 U. S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185 (1943). Extraordinary circumstances may be presented where the order under attack is characteristic of an erroneous practice likely to reoccur. *See, e. g.,* La Buy v. Howes Leather Co., 352 U.S. 249, 258, 77 S.Ct. 309, 1 L.Ed.2d 290 (1957); Note, Supervisory and Advisory Mandamus Under the All Writs Act, 86 Harv. L.Rev. 595, 610 (1973). Extraordinary circumstances may be presented where the order under attack exemplifies a novel and important question in need of guidelines for the future resolution of similar cases. *See, e. g.,* Schlagenhauf v. Holder, 379 U.S. 104, 111–112, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964); Note, Supervisory and Advisory Mandamus Under the All Writs Act, *supra,* 86 Harv. L.Rev. 618–619.

■ Generally speaking, however, the grant of a new trial does not present an extraordinary circumstance justifying the issuance of the writ. *See, e. g.,*

Thorn v. Parkland Chevrolet Co., 416 F. 2d 95, 96 (4th Cir. 1969); Bigart v. Goodyear Tire & Rubber Co., 361 F.2d 317, 318–319 (2d Cir. 1966); Benton Harbor Malleable Industries v. International Union, 355 F.2d 70, 72–73 (6th Cir. 1966); 11 C. Wright & A. Miller, Federal Practice and Procedure § 2818 at 113–114 n. 37 (1973); 9 J. Moore, Moore's Federal Practice ¶ 110.28 at 310 n. 41 (1970).

GM places principal reliance on the case of Grace Lines, Inc. v. Motley, 439 F.2d 1028, 1031 n. 2 (2d Cir. 1971). In *Motley* a verdict had been returned for the defendant. However, after the jury had been polled, it became clear that one juror who had been a holdout, voted for the defendant partly because there was no possibility of change on the part of the other jurors. The trial court declared a mistrial, and ordered a new trial.

The Court of Appeals held the trial court's action precluded the defendant from moving for judgment in accordance with the previous motion for a directed verdict in violation of F.R.Civ.P. 50(b). The Court went on, however, to review the order granting a new trial and found that the juror's statements did not require nullification of the verdict. Mandamus issued. In a footnote the Court said:

> The review of an order granting a new trial ordinarily must await the subsequent entry of a final judgment following a new trial. * * * But the purpose of the All Writs Act * * * is to enable federal appellate courts to review by mandamus non-appealable interlocutory orders which would be the subject of review on appeal from a final judgment. * * * This is not to say that supervisory mandamus is intended, or can be used, to authorize the indiscriminate use of prerogative writs as a medium for reviewing interlocutory orders. Mandamus will lie, in the sound discretion of the appellate court, where the trial court has exceeded or wrongfully refused to exercise its judicial power

or has committed a clear abuse of discretion. \* \* \* Only in such cases does the desirability of present review outweigh the policies which confine appeals to the review of final orders. *Id.* (Citations omitted).

■ Whatever the propriety of mandamus in *Motley*,[2] no compelling circumstances justify nullification of the final decision rule here. It is clear that the trial judge in this case granted the motion for new trial primarily because he believed that he had erroneously permitted the introduction of evidence showing breaches of the Dealership Agreement, not assigned by GM as the reason for termination. In granting the motion he decided that:

1. "matters that GM was aware of prior to the termination date and not relied upon by GM at the time of termination should not have been submitted to the jury as grounds justifying GM's actions" and,

2. even if GM was entitled to use this evidence for impeachment purposes or to refute a claim of damages, the evidence should have been limited to those issues and the jury so instructed.

The evidentiary issues confronted by the trial court, with respect to whether GM could rely on non-assigned reasons for termination as a defense to the law suit, are not simple.[3] The trial judge's resolution of the issue is not without support. *See, e. g.,* Ohio & Mississippi R. R. v. McCarthy, 96 U.S. 258, 267–268, 24 L.Ed. 693 (1877); Luckenbach S. S. Co., Inc. v. W. R. Grace & Co., Inc., 267 F. 676, 679 (4th Cir.), cert. denied, 254 U. S. 644, 41 S.Ct. 14, 65 L.Ed. 454 (1920). On the other hand, resolution of the matter as GM urges also has support.

*See, e. g.,* College Point Boat Corp. v. United States, 267 U.S. 12, 16, 45 S.Ct. 199, 69 L.Ed. 490 (1925); 3 A. Corbin, Corbin on Contracts § 762 at 524–526 (1960). Without intending to express an opinion on the merits, it is clear that the trial court's resolution of the issue was not so blatantly wrong as to justify the issuance of mandamus.

This evidentiary question, which was the essential question addressed by the trial court, is no different than any other evidentiary issue trial judges decide in the course of granting motions for new trial. To grant extraodinary relief here would be to abrogate the final judgment rule, and allow any litigant, who is forced to retrial on an evidentiary question, immediate review simply by styling his action a petition for writ of mandamus instead of appeal. The resolution of this question at this time would have little impact on the administration of justice generally and, since it is clear that the trial court had jurisdiction to act, mandamus is clearly inappropriate.

Accordingly, the appeal is dismissed and the petition for writ of mandamus is denied.

BRIGHT, Circuit Judge (concurring).

With some reluctance, I concur in the opinion of Judge Ross. I am compelled though to comment upon the grant of a new trial in this case, for I am dismayed by the potential waste of legal and judicial manpower necessitated by Judge Lord's order.

This case has already consumed seven weeks of trial time; another trial will surely utilize an equal amount. And if a contrary result is produced in that trial by the exclusion of the questioned evidence referred to in the majority opinion, yet a third trial may be re-

---

2. It is noted that the *Motley* opinion was accompanied by two concurring opinions. One concurring opinion emphasized the "egregious" nature of the error. The other opinion agreed with the majority only to the extent mandamus was granted to cure the Rule 50(b) error. *Motley* has been criticized in Note, Supervisory and Advisory

Mandamus Under the All Writs Act, *supra,* 86 Harv.L.Rev. at 597 n.9, 608 & n.62, because of the opinion's expansive approach to the issuance of mandamus.

3. *See generally,* 5 S. Williston, A Treatise on the Law of Contracts §§ 742–744 at 519–532 (3 ed. 1961).

 

quired—for I am personally convinced that evidence of dealer misconduct not specifically relied on by General Motors in terminating the franchise was admissible in this case on the question of breach of contract, *see* College Point Boat Corporation v. United States, 267 U.S. 12, 45 S.Ct. 199, 69 L.Ed. 490 (1925); Frank Chevrolet Co. v. General Motors Corp., 304 F.Supp. 307 (N.D. Ohio 1968), aff'd, 419 F.2d 1054 (6th Cir. 1969), on the issue of limitation of damages, and for impeachment purposes.

All of the Minnesota federal judges are exceptionally busy; their individual caseloads are extremely heavy. They can ill afford an unnecessary retrial in a protracted case such as this one. On this circuit, we are quite aware that Judge Lord has requested and received help from outside judges, including two judges from this court, in managing the crush of a heavy burden of litigation which includes difficult and complex multi-district antitrust litigation. *See, e. g.*, Pfizer, Inc. v. Lord, 456 F.2d 532 (8th Cir. 1972).

I do not suggest that the press of other litigation should deter Judge Lord from granting a new trial in an appropriate case. I do suggest, however, that the present case does not qualify as a likely candidate for a new trial. From my review of the record submitted in this proceeding, the case appears to have been fairly tried and without gross error. The jury denied appellee any recovery. It might have decided otherwise. Perhaps the trial judge would have decided the particular fact issues differently from the jury. But here the jury, not the trial judge, possessed the power to decide the facts.

Although I do not think a new trial necessary in this case and although I believe the district bench of Minnesota should not suffer the burden of unnecessary trials, I agree with Judge Ross, the author of the majority opinion, that we are not empowered to intervene at this stage of the proceedings. I think it unfortunate that, under the final judgment rule, we are precluded from now reviewing Judge Lord's order granting a new trial. Under circumstances such as presented here, adherence to the final judgment rule is wasteful. The rule should be changed. Since it has been the rule in this circuit for at least half a century that an order granting a new trial is not a final decision subject to immediate appellate review, *see* Ft. Dodge Cement Corporation v. Monk, 276 F. 113 (8th Cir. 1921), the principle of *stare decisis* holds back judicially-initiated change. Therefore, I would commend to Congress the task of reforming the often wasteful effect of the final judgment rule by amending 28 U.S.C. § 1292(b), to permit appellate review of a new trial order at the sole discretion of the Court of Appeals.