493 F.2d 88
 Frank L. PETERMAN, Plaintiff-Petitioner,
v.
CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY, and Hon.
W. C. Stuart,Judge U.S. District Court for the
Southern District of Iowa, Defendants-Respondents.
 No. 74-1006.
 United States Court of Appeals, Eighth Circuit.
 Submitted Feb. 12, 1974.
Decided March 15, 1974, As Amended on Denial of Rehearing
March 27, 1974, Certiorari Denied June 10, 1974,
See 94 S.Ct. 3072.
 
 Lioyd E. Humphreys, and W. Howard Smith, Cedar Rapids, Iowa, for plaintiff-petitioner.
 Bennett A. Webster, Des Moines, Iowa, for defendants-respondents.
 Before GIBSON, HEANEY and BRIGHT, Circuit Judges.
 BRIGHT, Circuit Judge.
 
 
 1
 Plaintiff-petitioner, Frank Peterman, recovered a judgment of $35,000 in a civil action for bodily injuries against the defendant, Chicago, Rock Island & Pacific Railroad Company (Railroad). He brings this proceeding seeking an original writ of mandamus or certiorari from this court to annul the action of the trial judge in granting defendant a new trial. Because the record demonstrates that the trial court acted without jurisdiction in entering the new trial order, we grant the writ of mandamus.
 
 
 2
 The petition presented to us alleges that the trial court 'had no power, authority, or jurisdiction to enter an order granting a new trial.' If established as true, this allegation furnishes a proper predicate for our review of the new trial order. A new trial order issued within the jurisdiction of the trial court is neither reviewable by appeal, see generally Richardson v. Communications Workers of America, 469 F.2d 333 (8th Cir. 1972), cert. denied, 414 U.S. 818, 94 S.Ct. 38, 38 L.Ed.2d 50 (1973), nor ordinarily by a mandamus proceeding, see General Motors Corporation v. Lord, 488 F.2d 1096 (8th Cir. 1973).[1] A new trial order, nevertheless, is reviewable where it is shown that the trial court has acted outside its jurisdiction. Such review may be through appeal, see, e.g., Chicago and North Western Ry. v. Britten, 301 F.2d 400 (8th Cir. 1962); certiorari, see Demeretz v. Daniels Motor Freight, Inc., 307 F.2d 469 (3rd Cir. 1962); or mandamus, see General Motors Corporation v. Lord, supra. Accordingly, we examine the proceedings leading to the issuance of the new trial order in light of powers granted to district judges by the Federal Rules of Civil Procedure to vacate a jury verdict and order a new trial in a civil action.
 
 
 3
 Peterman's action in the federal district court sought damages against the Railroad for bodily injuries and property damages which he sustained on July 5, 1969, in a highway-railroad crossing accident. A jury returned a special verdict finding Peterman and the Railroad each guilty of 'negligence which was the proximate cause of the collision,' but finding further that the Railroad had the 'last clear chance' to avoid the accident. Under instructions, the jury also returned a general verdict for the plaintiff assessing damages in the sum of $35,000. The trial court entered judgment on the verdict on July 19, 1973. Within 10 days thereafter the Railroad filed a motion for judgment n.o.v. pursuant to Fed.R.Civ.P. 50(b). As grounds for judgment in its favor the Railroad contended that no basis existed in the evidence upon which to submit to the jury the last clear chance issue and that since the jury in its special verdict found plaintiff guilty of negligence as the proximate cause of the collision, the Railroad was entitled to a judgment of dismissal consistent with its motion for a directed verdict made at the close of all the evidence. In its motion for directed verdict, the Railroad alleged also that the giving of the last clear chance instruction constituted error because the evidence showed there was insufficient time and distance for the defendant to avoid the accident after realizing plaintiff's peril, but no claim was made that the instruction was erroneous in its form or content. Moreover, the Railroad did not file a motion for a new trial under Fed.R.Civ.P. 59, or seek a new trial as an alternate form of relief to judgment n.o.v., as is authorized by Fed.R.Civ.P. 50(b).
 
 
 4
 During the post-judgment hearing upon the n.o.v. motion held on September 11, 1973, more than 10 days after the verdict, the court, sua sponte, questioned whether the last clear chance instructions-- which served to relieve plaintiff from the adverse consequences of his own contributory negligence-- were erroneous in form. Thereafter, in its order dated October 9, 1973, the trial court declined to grant judgment n.o.v., holding that under the evidence a jury could have found that the train engineer saw the plaintiff in a position of danger in sufficient time to have applied the brakes and slowed the train, thus avoiding the accident.
 
 
 5
 The trial court in granting a new trial reasoned as follows:
 
 
 6
 The viability of the last clear chance doctrine under the new statute was clearly established by the Iowa Supreme Court in Ackerman v. James (1972), 200 N.W.2d 818. This case also treated last clear chance as an application of the law of proximate cause rather than an exception to the rule of contributory negligence.
 
 
 7
 'It would follow that if a trier of facts finds plaintiff's negligence was a proximate cause of his injury, he cannot recover.' Ackerman v. James, supra at 830.
 
 
 8
 It is therefore apparent that instructions 21 and 22 contain erroneous statements of the law and that under the correct law the general verdict is contrary to the jury's answer to interrogatory number 2.
 
 
 9
 The Court is of the opinion that these instructions and the interrogatories were confusing to the jury. It would not be fair or in the interest of justice to grant a judgment NOV because of the conflict between the general verdict and the special interrogatory in view of the erroneous instructions given. More properly the jury should have been told that plaintiff could recover even if he had been negligent if defendant's negligence intervened between his negligence and the collision and became the sole proximate cause thereof. The interrogatories should have separately inquired whether plaintiff was negligent, and, if so, whether his negligence was a proximate cause of the collision.
 
 
 10
 The special verdict and the instructions, in part, are reproduced in the margin.[2]
 
 
 11
 The sole issue before us is whether the district court possessed the authority to grant a new trial under the circumstances. We hold that in the absence of a motion for new trial made by the defendant within 10 days under Fed.R.Civ.P. 59(b), or in the absence of an order issued by the court within 10 days under Fed.R.Civ.P. 59(d), the trial court lacked any power to sua sponte grant a new trial because of any alleged error in the instructions to the jury.
 
 
 12
 Fed.R.Civ.P. 59(b) requires that a party serve a motion for new trial 'not later than 10 days after entry of judgment.' Fed.R.Civ.P. 59(d) provides that 'not later than 10 days after entry of judgment' the trial court 'may order a new trial for any reason for which it might have granted a new trial on motion of a party.' Under Fed.R.Civ.P. 59(d), as interpreted by the courts, the power of the trial court, if acting on its own initiative, is restricted to the granting of a new trial within 10 days after entry of the judgment. Lapiczak v. Zaist, 451 F.2d 79 (2d Cir. 1971); Chicago and North Western Ry. Co. v. Britten, 301 F.2d 400 (8th Cir. 1962); Tsai v. Rosenthal, 297 F.2d 614 (8th Cir. 1961); Demeretz v. Daniels Motor Freight, Inc., 307 F.2d 469 (3d Cir. 1962); Kanatser v. Chrysler Corp., 199 F.2d 610 (10th Cir. 1952), cert. denied, 344 U.S. 921, 73 S.Ct. 388, 97 L.Ed. 710 (1953); Freid v. McGrath, 76 U.S.App.D.C. 388, 133 F.2d 350 (1942); Jackson v. Wilson Trucking Corp., 100 U.S.App.D.C. 106, 243 F.2d 212 (1957); see National Farmers Union Auto. & Cas. Co. v. Wood, 207 F.2d 659 (10th Cir. 1953).
 
 
 13
 Except for Lapiczak, the foregoing cases arose prior to the 1966 amendment to Fed.R.Civ.P. 59(d), which amendment specifically authorizes a district court, after giving the parties notice and opportunity to be heard on the matter, to 'grant a motion for a new trial, timely served, for a reason not stated in the motion.' The 1966 amendment does not change the rule to be applied here for that amendment constitutes a change in the law granting authority to the trial judge to grant a new trial outside the limitation period for reasons initiated by the court, but only in the event a party has already served a motion for new trial. Lapiczak v. Zaist, supra. As explained in 6A Moore's Federal Practice P59.01. (1) (1973), referring to the Notes of the Advisory Committee on Rules:
 
 
 14
 Effective July 1, 1966, subdivision (d) was amended to empower the court to grant a motion for a new trial, timely served, by an order made more than 10 days after the entry of judgment, based upon a ground not stated in the motion, as well as grant a new trial on its own initiative within the 10-day period.
 
 
 15
 It is respondent's theory, however, that its filing of a motion for judgment n.o.v. under Fed.R.Civ.P. 50(b) empowered the court to grant plaintiff a new trial, even though the court found that the movant-railroad was not entitled to judgment in its favor. If a motion for judgment n.o.v. had been sustained, of course, Fed.R.Civ.P. 50(b) explicitly permits the court to 'reopen the judgment and either order a new trial or direct the entry of judgment as if the requested verdict had been directed.' As the Supreme Court has said in Cone v. West Virginia Paper Co., 330 U.S. 212, 215, 67 S.Ct. 752, 755, 91 L.Ed. 849 (1947):
 
 
 16
 Rule 50(b) contains no language which absolutely requires a trial court to enter judgment notwithstanding the verdict even though that court is persuaded that it erred in failing to direct a verdict for the losing party. The rule provides that the trial court 'may reopen the judgment and either order a new trial or direct the entry of judgment as if the requested verdict had been directed.' This 'either-or' language means what it seems to mean, namely, that there are circumstances which might lead the trial court to believe that a new trial rather than a final termination of the trial stage of the controversy would better serve the ends of justice. In short, the rule does not compel a trial judge to enter a judgment notwithstanding the verdict instead of ordering a new trial; it permits him to exercise a discretion to choose between the two alternatives.
 
 
 17
 But by its very terms, Fed.R.Civ.P. 50(b) does not apply where, as here, the court denies the motion for judgment n.o.v. See Jackson v. Wilson Trucking Corp., 100 U.S.App.D.C. 106, 243 F.2d 212 (1957).
 
 
 18
 Nevertheless, respondent continues, some courts and commentators have suggested that under Fed.R.Civ.P. 50(b), the trial court should be permitted to grant a new trial if the weight of the evidence is against the verdict although the evidence is sufficient to warrant denial of a judgment n.o.v. Judge (now Chief Justice) Burger writing in dissent in Jackson v. Wilson Trucking Corp. expressed the view that a trial judge's discretion to grant a new trial in response to a timely motion for judgment n.o.v. ought not to be limited to cases where judgment n.o.v. could have been granted. He observed:
 
 
 19
 In cases where a judgment n.o.v. is sought, it is almost a universal experience of practicing lawyers that 10 days will have elapsed from date of judgment before the court has an opportunity to decide whether or not final judgment should be entered in accordance with the motion. If, upon consideration of the motion briefs and oral argument, the trial court then concludes the evidence is legally sufficient, although contrary to the verdict, it is powerless, under the rule now announced, to grant a new trial, even though it is convinced that is the logical and practical relief. I cannot believe that such rigidities were contemplated by the Federal Reles * * *. (243 F.2d at 220-221.)
 
 
 20
 Professor Moore supports this viewpoint, commenting:
 
 
 21
 For in that circumstance, the party opposing the motion would have been on adequate notice of a challenge to the sufficiency of the evidence. Certainly in this situation it would not be improper to deem a motion for new trial on the ground that the verdict was contrary to the great weight of the evidence to be included within the motion for judgment n.o.v. (5A Moore's Federal Practice P50.11 (1971).)
 
 
 22
 See Note, 71 Harv.L.Rev. 552 (1958); Note, 33 Notre Dame Law. 126 (1957); Note, 5 U.C.L.A.L.Rev. 954 (1957); cf. Slaughter v. Philadelphia National Bank, 290 F.Supp. 234 (E.D.Pa.1968), rev'd on other grounds, 417 F.2d 21 (3d Cir. 1969).
 
 
 23
 But even if accepted as correct, the rationale suggested by Moore and the Jackson dissent-- which rests upon the trial court weighing the evidence-- does not support an affirmance here. A new trial was granted in the case at bar for a legal error in instructing thr jury on the last clear chance doctrine. The respondent-Railroad cites no case or other authority as justifying the trial court's exercise of discretion in granting a new trial outside the 10-day limitation for such an error when the trial court has found the evidence itself sufficient to support the jury verdict.[3]
 
 
 24
 We find it quite apparent from the record submitted to us on appeal that the post-trial controversy between the parties centered on the question whether the evidence justified submitting the last clear chance doctrine to the jury. The respondent-Railroad squarely presented that question as one of law to the trial court. The trial court decided that issue of law against the Railroad. Upon entry of the order denying judgment n.o.v., without any new trial order, such issue could have been expeditiously submitted for our review. The intervention of a new trial order, however, prevents and delays a final resolution of the lawsuit. In another case the author of this opinion said that federal courts and litigants therein ought not to bear the burden of repetitive trials unless absolutely necessary. General Motors Corp. v. Lord, 488 F.2d at 1100-1101 (Bright, J., concurring). That admonition applies more forcefully here than in Lord-- for here, neither litigant requested a new trial nor questioned the form and content of the instructions on last clear chance during the trial.
 
 
 25
 The writ of mandamus shall be issued vacating the new trial order and reinstating the judgment on the verdict.
 
 
 
 [1]
 Courts have permitted review of a new trial order by mandamus for a clear abuse of discretion by the trial court. Grace Lines, Inc. v. Motley, 439 F.2d 1028 (2d Cir. 1971); cf. General Motors Corporation v. Lord, 488 F.2d 1096 (8th Cir. 1973). The issue here relates to jurisdiction of the trial court, not to the exercise of its discretion
 
 
 [2]
 The interrogatories contained in the special verdict returned by the jury read:
 
 
 [1]
 Was the defendant railroad company guilty of negligence which was the proximate cause of the collision and resulting injuries and damages?
 Yes X
 No
 
 
 [2]
 Was the plaintiff guilty of negligence which was a proximate cause of the collision and resulting injuries and damages?
 Yes X
 No
 
 
 [3]
 If the answer to the second interrogatory is yes, did the defendant railroad have the Last Clear Chance to avoid the collision?
 Yes X
 No
 The court instructed on Last Clear Chance, in part, as follows:
 INSTRUCTION NO. 21
 Even if you have found the plaintiff, Frank L. Peterman, guilty of negligence which was a proximate cause of the collision he might still recover under the doctrine of last clear chance.
 In order for the plaintiff to recover from the defendant under this doctrine of last clear chance, the plaintiff must prove by a preponderance of the evidence all of the following propositions: (1) that at the time of and just prior to the collision, plaintiff's converted school bus was in a position of peril and danger by reason of his bus being driven onto the tracks in front of the oncoming train; (2) that defendant saw or had actual knowledge of plaintiff's presence at the crossing ahead; (3) that defendant knew and realized, in the situation in which it saw him, that plaintiff was in a position of peril or danger of being injured by defendant's train, or that defendant should have so known and realized in the exercise of ordinary care and prudence; (4) that after realizing plaintiff's peril or after such realization should have come to him in the exercise of ordinary care and prudence, there was time and defendant would have been able to have avoided the collision and plaintiff's injuries through the exercise of ordinary care; and (5) that thereafter defendant failed to use ordinary and reasonable care to stop or slow down its train and avoid the accident, and as a result thereof the collision and plaintiff's injuries occurred.
 If you find that the plaintiff, Frank L. Peterman, has established all of the above propositions, numbered through five inclusively, by a preponderance of the evidence, then you should find for the plaintiff under the doctrine of last clear chance. However, if the plaintiff has not established all of the above numbered propositions then you should find for the defendant railroad under this theory.
 INSTRUCTION NO. 22
 The law as to the elements of plaintiff's claim and defendant's affirmative defense has been set forth in prior instructions. The following questions are set forth merely to aid the jury in considering the various matters in a logical order, not to restate the law. You shall consider:
 First: Was the defendant railroad negligent?
 If your answer to that question is 'no', you will return a verdict for the defendant on the plaintiff's claim against it. But if your answer is 'yes', you then have a second issue to determine, namely:
 Second: Was the negligence of the defendant the proximate cause of any injury to the plaintiff?
 If your answer to that question is 'no', you will return a verdict for defendant on plaintiff's claim against it. But if your answer is 'yes', then you must find the answer to a third question, namely:
 Third: Was the plaintiff, Frank L. Peterman, negligent?
 If you find the plaintiff was not negligent, having found in plaintiff's favor in answer to the first two questions, you should determine the amount of plaintiff's damages and return a verdict in plaintiff's favor for that amount. On the other hand, if you find the plaintiff was negligent, you must then find the answer to a fourth question, namely:
 Fourth: Was the negligence of the plaintiff a proximate cause of any injuries he may have sustained?
 If you find the answer is 'no', having found in plaintiff's favor in answer to the first two questions, you will determine the amount of plaintiff's damages and return a verdict for plaintiff in that amount. On the other hand, if you find the answer is 'yes', you have a fifth issue to determine, namely:
 Fifth: Did the defendant railroad have the last clear chance to avoid the collision with plaintiff as defined in Instruction No. 21?
 If your answer to this question is 'yes', you will proceed to determine the amount of plaintiff's damages and return a verdict for plaintiff in that amount. If on the other hand, your answer is 'no', you should return a verdict for defendant railroad.
 
 
 [3]
 The question of the sufficiency of the evidence to submit the last clear chance doctrine to the jury is not before us and we express no opinion on such issue