Philip KAIN, d/b/a Brock-Kain Company, Plaintiff-Appellant,

v.

WINSLOW MANUFACTURING, INC., and Watsco, Inc., Defendants-Appellees.

No. 82–1300.

United States Court of Appeals, Tenth Circuit.

May 31, 1984.

Gerald Sawatzky, Wichita, Kan. (Malcolm Miller and James D. Oliver of Foulston, Siefkin, Powers & Eberhardt, Wichita, Kan., with him on brief), for plaintiff-appellant.

Gerrit H. Wormhoudt, Wichita, Kan. (Thomas D. Kitch and Susan P. Selvidge of Fleeson, Gooing, Coulson & Kitch, Wichita, Kan., with him on brief), for defendants-appellees.

Before McWILLIAMS and SEYMOUR, Circuit Judges, and BROWN,[*] District Judge.

McWILLIAMS, Circuit Judge.

Philip Kain, doing business as Brock-Kain Company, was a wholesale distributor of bulk liquid hair spray and shampoo, which he sold to beauty salons in Wichita, Kansas. Kain brought suit against Peel's Friendly Supply, Inc., another wholesale distributor of hair spray and related products in Kansas. Joined as a party defendant was Winslow Manufacturing, Inc., described as a subsidiary and alter ego of Watsco, Inc. Winslow was a Florida corporation engaged in the manufacture of liquid hair spray and hair spray equipment. The complaint alleged violations of § 1 of the Sherman Act and of the Robinson-Patman Act, together with the business tort of unfair competition. Trial by jury culminated in a verdict in favor of plaintiff Kain against both defendants, i.e., Peel and Winslow. Actual damages were fixed by the jury at $144,744 and punitive damages were awarded in the amount of $250,000. By answers to special interrogatories, the jury found no antitrust violation on the part of the defendants, but did find that Peel had engaged in unfair competition and that Winslow had knowingly assisted Peel in its efforts.

Judgments were entered on the jury's verdict on October 7, 1980. Thereafter, Peel timely filed a motion for judgment notwithstanding the verdict, and incorporated therein an alternative request for a new trial. Winslow also timely filed a motion for judgment notwithstanding the verdict, but, unlike Peel, did not incorporate a motion for a new trial. And therein lies our present problem.

The trial court held a hearing on defendants' post-trial motions on May 15, 1981. On November 13, 1981, the district court issued a written order denying Peel's motion for judgment notwithstanding the verdict and also denying its request for a new trial, although the court did reduce the punitive damage award against Peel from $250,000 to $100,000. At the same time, the district court specifically denied Winslow's motion for judgment notwithstanding the verdict, commenting in connection therewith that "a judgment notwithstanding the verdict is unwarranted." The district court then proceeded to grant Winslow's motion for a new trial. Winslow, however, had not ever filed such a motion. Finding that the verdict against Winslow was contrary to the weight of the evidence, the court ordered a new trial on the issue of Winslow's liability, i.e., whether Winslow knowingly assisted Peel's unfair competition with plaintiff.

Retrial of Winslow's liability resulted in a jury verdict in favor of Winslow. Kain then filed a notice of appeal from the judgment entered in favor of Winslow on the second trial of this matter, said notice of appeal specifically noting that Kain, *inter alia*, was appealing the district court's November 13, 1981 order of a new trial. In this connection, Kain argues that, under the circumstances, the district court lacked jurisdiction to order a new trial as to defendant Winslow, and that the judgment entered in favor of Winslow after the second trial should be set aside and the earlier judgment reinstated. We agree.

---

[*] Honorable Wesley E. Brown, United States District Judge for the District of Kansas, sitting by designation.

As indicated, Winslow did not file a motion for new trial as is permitted by Fed.R.Civ.P. 59. Rule 59(d) authorizes a district court to order a new trial on its own initiative for any reason for which it might have granted a new trial on motion of a party, but limits this authority by requiring such action to be taken within ten days after entry of judgment. Here the order of the district court granting Winslow a new trial was filed about thirteen months after entry of judgment. Hence, under Rule 59(d), the district court's action was unauthorized. *Tarlton v. Exxon*, 688 F.2d 973 (5th Cir.1982), *cert. denied sub nom. Diamond M. Drilling Corp. v. Tarlton*, —— U.S. ——, 103 S.Ct. 3536, 77 L.Ed.2d 1387 (1983); *Peterman v. Chicago, Rock Island & Pacific Railroad Co.*, 493 F.2d 88 (8th Cir.1974), *cert. denied*, 417 U.S. 947, 94 S.Ct. 3072, 41 L.Ed.2d 667 (1975); *Kanatser v. Chrysler Corp.*, 199 F.2d 610 (10th Cir.1952), *cert. denied*, 344 U.S. 921, 73 S.Ct. 388, 97 L.Ed. 710 (1953). Judge Murrah once explained the policy reasons behind the rule:

> There is good reason for thus confining the trial court within the narrow limits of its discretionary powers, for it is important in the administration of justice that there shall be an end to litigation, and that issues tried and decided by a jury shall not be lightly set aside. If a case is to be retried, it should be done with dispatch, lest the error of delay outweigh the error of trial.

*Kanatser*, 199 F.2d at 615.

Having elected not to file a motion for a new trial under rule 59, Winslow necessarily must rely entirely on Fed.R.Civ.P. 50 as authority for the district court's order granting it a new trial. Such reliance is misplaced, for neither the rule itself nor the authorities considering the rule permit the interpretation argued for here by Winslow.

First, rule 50(b) permits a motion for a new trial to be joined with a motion for judgment notwithstanding the verdict and also provides that a new trial may be prayed for alternatively in the party's motion for a judgment notwithstanding the verdict. Rule 50(b) then states that if a verdict has been returned, the district court has alternative courses of action: 1) it may allow the judgment to stand; or, 2) it may reopen the judgment and either order a new trial or direct the entry of judgment as if the earlier request for a directed verdict had been granted. The language in the second alternative has been interpreted to mean that where a district court concludes that a motion for judgment notwithstanding the verdict should be granted, the court is not required to grant the ultimate in relief; it may order lesser relief in the form of a new trial. *Cone v. West Virginia Paper Co.*, 330 U.S. 212, 216 (1947). At the same time, however, courts have held that where a district court concludes that a motion for judgment notwithstanding the verdict must be, as it was in the instant case, denied, then the district court is without authority under rule 50(b) to order a new trial. *See, e.g., Peterman v. Chicago, Rock Island & Pacific Railroad Co.*, 493 F.2d 88 (8th Cir.1974), *cert. denied*, 417 U.S. 947, 94 S.Ct. 3072, 41 L.Ed.2d 667 (1975); *Jackson v. Wilson Trucking Corp.*, 243 F.2d 212 (D.C.Cir.1957).[1] *See also*, 9 Wright & Miller, *Federal Practice & Procedure* § 2538 (1971), where the following pertinent comment appears:

> It should be noted very carefully that the discretion to order a new trial spoken of in this section exists only if the moving party would be entitled to judgment

---

**1.** We recognize that there is a minority view on this matter. Circuit Judge Burger (now Chief Justice) dissented in *Jackson,* vigorously arguing that a trial court's power to grant a new trial should not be "artificially limited" to cases where judgment notwithstanding the verdict could have been granted. 243 F.2d at 217. Judge Burger urged that where a motion for judgment notwithstanding the verdict is timely made, the trial court should have the discretion to grant a new trial if it finds the evidence is contrary to the verdict. *Id.* at 218. This more flexible approach has also been advocated by several commentators, including Professor Moore. *See* 5A J. Moore, *Moore's Federal Practice,* ¶ 50.11, at 50–99 (2d ed. 1982); 71 Harv.L. Rev. 552 (1958); 33 Notre Dame Law. 126 (1957); 5 UCLA L.Rev. 154 (1957).

notwithstanding the verdict. If that motion must be denied, the court has no power to order a new trial in favor of the moving party, except under the conditions specified in Rule 59(d), unless a motion for a new trial has been joined in the alternative with the motion for judgment.

■ Application of the foregoing principles to the instant case leads us to conclude that the district court was without jurisdiction to order a new trial. Winslow did not file a motion for new trial under rule 59, nor did it join with its motion for judgment notwithstanding the verdict a motion for a new trial, as is permitted by rule 50(b). The district court did not grant a new trial *sua sponte* within the time limitation set forth in rule 59(d), nor did it rule that Winslow's motion for judgment notwithstanding the verdict was well taken and proper. To the contrary, the district court concluded that such motion was "unwarranted" and the motion was specifically denied. Under such circumstances, the district court was powerless to order a new trial, and its order exceeded its authority and jurisdiction.

■ Alternatively, Winslow argues that Kain is somehow estopped from challenging in this court the authority of the district court to order a new trial. We do not agree. We are concerned here with the jurisdiction, or the authority, of a trial court to enter a particular order. Jurisdiction of a trial court can be challenged at any time, *Citizens Concerned for Separation of Church and State v. City and County of Denver*, 628 F.2d 1289, 1297 (10th Cir.1980), *cert. denied*, 452 U.S. 963, 101 S.Ct. 3114, 69 L.Ed.2d 975 (1981), and the parties by their action, or inaction, cannot confer jurisdiction where none exists. *First State Bank and Trust Company v. Sand Springs State Bank*, 528 F.2d 350, 354 (10th Cir.1976). The fact that Kain participated in the second trial of this case does not foreclose it from challenging in this appeal the authority of the district court in the first instance to order a second trial. *See National Farmers Union Auto.*

*& Cas. Co. v. Wood*, 207 F.2d 659 (10th Cir.1953); *Marshall's U.S. Auto Supply v. Cashman*, 111 F.2d 140 (10th Cir.1940).

Judgment reversed and cause remanded with direction that the district court vacate its judgment of March 22, 1982, and then reinstate and reenter its judgment of October 7, 1980, as such relates to Winslow.

WESLEY E. BROWN, District Judge, sitting by designation, dissenting.

I respectfully dissent. I would hold that the trial judge, in the interest of justice, may consider the motion for judgment n.o.v. to encompass the lesser motion for a new trial.