# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1282

_____

Brian Webb,                              *
                                         *
            Appellant,                   *
                                         *
    v.                                   *
                                         *
Horace Mann and Companies,               *
                                         *
            Appellee.                    *

_____                              Appeals from the United States
                                         District Court for the
No. 98-1393                              Eastern District of Arkansas.
_____                                    [UNPUBLISHED]

Brian Webb,                              *
                                         *
            Appellee,                    *
                                         *
    v.                                   *
                                         *
Horace Mann and Companies,               *
                                         *
            Appellant.                   *

_____

Submitted:  February 11, 1999

Filed:  July 6, 1999

_____

Before WOLLMAN,[1] LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.

Brian Webb filed this state law breach of contract claim against Horace Mann and Companies to recover under a homeowner's insurance policy after a fire destroyed his home. The case was removed to federal court pursuant to 28 U.S.C. § 1441(a). On September 12, 1997, a jury returned a verdict in favor of Webb and awarded $97,267 in damages. Judgment was entered on the verdict on October 8, 1997. Horace Mann then filed a renewed motion for judgment as a matter of law and a motion for new trial on October 20, 1997. The district court[2] denied the motion for judgment as a matter of law, but granted the motion for new trial and set aside the judgment. Webb appeals the grant of a new trial, and Horace Mann cross-appeals the denial of its motion for judgment as a matter of law. We dismiss the appeal for want of jurisdiction.

We have jurisdiction only over appeals from final orders. See 28 U.S.C. § 1291. An order granting a new trial issued within the district court's jurisdiction is not appealable. See Peterman v. Chicago Rock Island and Pacific R.R. Co., 493 F.2d 88, 89 (8th Cir. 1974); General Motors Corp. v. Lord, 488 F.2d 1096, 1098-99 (8th Cir. 1973).

Webb argues that the district court was without jurisdiction to enter an order for a new trial because Horace Mann submitted its post-trial motions more than ten days after the judgment was entered. See Fed. R. Civ. P. 50(b), 59(b) (requiring that a motion for new trial be filed no later than ten days after entry of judgment). Webb's

_____

[1]The Honorable Roger L. Wollman became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 24, 1999.

[2]The Honorable Stephen M. Reasoner, United States District Judge for the Eastern District of Arkansas.

argument, however, overlooks the fact that "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Fed. R. Civ. P. 6(a). Thus, the motion for new trial was timely filed and the district court acted within its jurisdiction in granting it.

When a district court denies a motion for judgment as a matter of law but grants a motion for new trial, the order is not appealable. See 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2540 (2d ed. 1994). In the absence of an appealable order, "it necessarily follows that the entire case rests in the trial court." Gallon v. Lloyd-Thomas Co., 261 F.2d 26, 28 (8th Cir. 1958). Accordingly, the cross-appeal must also be dismissed.

It is so ordered.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-